AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| GOLDEN BOY PROMOTIONS, LLC, a Delaware limited liability company )<br>*Plaintiff* )<br>v. )<br>RYAN GARCIA, an individual, GUADALUPE )<br>VALENCIA, an individual, and DOES 1 through 25, )<br>inclusive )<br>*Defendant* | Civil Action No. 2:23-CV-00942 |

## WAIVER OF THE SERVICE OF SUMMONS

To: Todd E. Kennedy, Bar #6014
    Ricardo Cestero (pro hac vice application pending)
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from June 22, 2023, the date when this request was sent (or 90 days if it was sent outside the United States). If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: 6/29/2023

Guadalupe Valencia
*Printed name of party waiving service of summons*

_____
*Signature of the attorney or unrepresented party*

James Pearl
*Printed name*

1999 Avenue of the Stars 27th Fl.
Los Angeles, CA 90067
*Address*

jamespearl@paulhastings.com
*E-mail address*

(310) 620-5700
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint. A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court. By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

17896-00641/4857392.1

# Exhibit A

**KENNEDY & COUVILLIER PLLC**
Todd E. Kennedy, Esq. (Bar #6014)
tkennedy@kclawnv.com
Maximiliano D. Couvillier III, Esq. (Bar #7661)
mcouvillier@kclawnv.com
3271 E. Warm Springs Rd.
Las Vegas, NV 89120
Telephone: 702.605.3440
Fax: 702.625.6367

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
Ricardo Cestero (pro hac vice application pending)
rcestero@ggfirm.com
Vishwanath Mohan (pro hac vice application pending)
vmohan@ggfirm.com
2049 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: 310.553.3610
Fax: 310.553.0687

*Attorneys for Plaintiff Golden Boy Promotions, LLC.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GOLDEN BOY PROMOTIONS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RYAN GARCIA, an individual, GUADALUPE VALENCIA, an individual, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br><br>**(1) DECLARATORY RELIEF PURSUANT TO THE DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201** *et seq.*<br><br>**(2) INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**<br><br>**DEMAND FOR JURY TRIAL** |

1
COMPLAINT

17896-00601/4853289.6

1  Plaintiff GOLDEN BOY PROMOTIONS, LLC ("Golden Boy" or "Promoter") alleges
2  against Defendants RYAN GARCIA ("Garcia") and GUADALUPE VALENCIA as follows:

## INTRODUCTION

4  1.  By this lawsuit, Golden Boy seeks to protect its valuable promotional rights in
5  professional boxer, Garcia. Golden Boy, one of the most successful boxing promotional
6  companies in the world owned by legendary boxers Oscar De La Hoya and Bernard Hopkins, has
7  a valid and enforceable promotional agreement with Garcia (the "Agreement"). The Agreement
8  gives Golden Boy sole and exclusive right to promote Garcia's boxing matches, including to find
9  opponents, negotiate deals, and arrange the bouts. The Agreement forbids Garcia from engaging
10 in any boxing matches, as well as from negotiating and contracting for any fights, other than
11 those promoted by Golden Boy under the Agreement. Pursuant to those rights, throughout the
12 parties' multi-year relationship, Golden Boy has fulfilled all of its contractual obligations and
13 helped to build Garcia into one of the most recognizable and sought-after boxers in the world. In
14 short, Garcia's career has flourished under Golden Boy's direction.

15 2.  Unfortunately, Garcia's advisors have apparently convinced him that he does not
16 need Golden Boy anymore. One of those advisors, Valencia, has, for the last year or more,
17 directly interfered with Golden Boy's ability to communicate with Garcia and to negotiate the
18 best deals and fights for Garcia. In fact, Valencia, in direct violation of Golden Boy's
19 Agreement with Garcia, has engaged in negotiations with other promoters and boxers for
20 Garcia's fights. Valencia has done so despite explicitly knowing of the Agreement and its terms
21 and has orchestrated an effort to drive a wedge between Garcia and Golden Boy. Golden Boy
22 has attempted to resolve this matter informally but has been rebuffed. Instead, Garcia has
23 threatened baseless claims against Golden Boy and has recently taken the absurd position that the
24 Agreement is void and unenforceable. Accordingly, Golden Boy was forced to file this action to
25 protect and enforce its interests under the Agreement so that it can continue to make the best
26 fights for Garcia and his fans and to deter Valencia and others from interfering with Golden
27 Boy's rights.

28

2

COMPLAINT

17896-00601/4853289.6

## THE PARTIES

3. Plaintiff Golden Boy is a Delaware limited liability company. As of the date of filing, Golden Boy's members are citizens of the states of Nevada and Maryland. Golden Boy is a boxing promoter licensed in various States, including California and Nevada.

4. Defendant Garcia is a professional boxer who, as Golden Boy is informed and believes, resides in Porter Ranch, California.

5. Defendant Valencia is an attorney licensed in California and is currently Garcia's business adviser. Golden Boy is informed and believes that Valencia resides in San Diego, California.

6. The true names and capacities, whether individual, corporate, associate or otherwise, of the Defendants sued herein as DOES 1 through 25, inclusive, are currently unknown to Golden Boy, and therefore Golden Boy sues these Defendants by such fictitious names. Golden Boy will amend this complaint to allege their true names and capacities when ascertained. Golden Boy is informed and believes and based thereon alleges that each of these fictitiously named Defendants is responsible in some manner for the acts and transactions herein alleged and that Golden Boy's damages as herein alleged were caused by their conduct.

## JURISDICTION & VENUE

7. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and Plaintiff and Defendants are citizens of different States. Specifically, Golden Boy, through its members, is a citizen of Nevada and Maryland, whereas Garcia and Valencia are both citizens of California.

8. Venue is proper because, per the Agreement's forum selection clause, Golden Boy and Garcia have consented to personal jurisdiction and venue in Nevada state and federal courts. *See Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 763–64 (9th Cir. 1989); *see also Guzman v. MGK Mech. Servs., Inc.*, No. 209CV00467RLHGWF, 2009 WL 10693636, at *1–*3 (D. Nev. June 29, 2009). Valencia is also subject to the Agreement's forum selection clause

3
COMPLAINT

17896-00601/4853289.6

because, as detailed herein, his conduct as Garcia's agent that is at-issue is "closely related to the" Agreement. *AMA Multimedia, LLC v. Sagan Ltd.*, 807 F. App'x 677, 679 (9th Cir. 2020); *see also First Choice Bus. Brokers, Inc. v. Ken Dobbs Moneyline, Inc.*, No. 2:08-CV-01487RLHRJJ, 2009 WL 1652185, at *5 (D. Nev. June 9, 2009).

### FACTS COMMON TO ALL CAUSES OF ACTION

9. As of September 18, 2019, Golden Boy and Garcia executed the Agreement. Relevantly, the Agreement provides that:

   i. The "Term" commences on the date of Garcia's first bout, which was scheduled for, and took place on, November 2, 2019.

   ii. Garcia "grants to" Golden Boy "the ***sole and exclusive right*** to promote all professional boxing matches in which [Garcia] participates during the Term[.]" (Emphasis added.)

   iii. "Boxer agrees that during the Term: (a) Boxer shall not engage in any boxing match other than as set forth herein; and (b) neither Boxer nor anyone acting on Boxer's behalf shall negotiate for nor contract for Boxer to engage in any boxing match other than as set forth herein."

   iv. "Promoter shall be the exclusive owner of all rights in and to the Bouts, in all media throughout the world in perpetuity, and Boxer's grant of rights hereunder includes, without limitation, all rights required to arrange, stage and sell tickets of admission to the Bouts; all exclusive worldwide rights to broadcast, telecast, digitally stream, record, film and transmit electronically and digitally such Bouts for exhibition in all media; all merchandising and other ancillary and subsidiary rights therein; the unrestricted worldwide right to use, reproduce and display Boxer's name, voice, likeness and/or biography in connection with the advertising, promotion and exploitation of all such Bouts and any related activities (and all rights therein and/or footage thereof) and Boxer's career and Promoter's business and activities and as otherwise determined by Promoter in Promoter's sole discretion."

   v. Garcia agrees to "injunctive and other equitable relief to prevent any

4
COMPLAINT

17896-00601/4853289.6

1  breach or default by Boxer" because he "acknowledges and agrees that his services . . . are of a
2  special, unique, unusual and extraordinary character giving them peculiar value, the loss of
3  which cannot be reasonably or adequately compensated by damages in an action at law and
4  could cause Promoter irreparable damage and injury."

5        vi.    The "Agreement will be governed and construed in accordance with the
6  laws of the State of Nevada applicable to agreements entered into and wholly performed therein"
7  and "the [p]arties have a right to file any and all claims in Nevada state or federal court."

8      10.    The Agreement is governed by Nevada law and contains an agreement to
9  jurisdiction and venue in Nevada because:

10       i.    At the time the agreement was executed, Garcia's first fight under the
11 Agreement, which commenced the term, was contemplated to be in Las Vegas, Nevada. That
12 fight did, in fact, take place in Las Vegas.

13       ii.    At the time of the parties' execution of the Agreement, it was the
14 expectation of the parties that Garcia would become a premier level professional boxer and, for
15 most of the Term of the Agreement, would be headlining fights at the most lucrative venues in
16 the sport. As such, the parties fully expected and contemplated that many, if not most, of
17 Garcia's fights under the agreement would take place in Las Vegas, Nevada, where most "mega
18 fight" boxing matches are staged and exhibited.

19     11.    Garcia was represented by Valencia in the negotiation and execution of the
20 Agreement. Additionally, Valencia has continued to represent Garcia, both as a lawyer and
21 business adviser, in the performance of Garcia's obligations under the Agreement. In short,
22 Valencia was, at all times, fully aware of the Agreement and its terms.

23     12.    Golden Boy has fully and faithfully performed its obligations under the
24 Agreement. Specifically, GBP has negotiated, arranged for, and promoted several highly
25 lucrative and successful boxing events featuring Garcia as the main event attraction. These
26 events have generated millions of dollars in purses and income for Garcia. Golden Boy
27 continues to propose potential bouts for Garcia and continues to do everything required of it with
28

5
COMPLAINT

17896-00601/4853289.6

1 respect to Garcia's career.

2     13.    Golden Boy's development of Garcia into one of boxing's biggest stars culminated earlier this year with Golden Boy successfully negotiating for Garcia to participate in one of the most successful pay-per-view boxing events in history. Notwithstanding the blatant and willful interference by Valencia described in more detail below, Golden Boy was able to close the deal for Garcia to fight Gervonta "Tank" Davis at the T-Mobile Arena in Las Vegas. Although Garcia lost by knockout, the event was a huge commercial success and Garcia made millions in purses and pay-per-view bonuses.

    14.    Notwithstanding Golden Boy's success in promoting Garcia's career, Valencia has been working for over a year to undermine Golden Boy's contractual rights and its relationship with Garcia. Specifically, Valencia has repeatedly engaged in activities that are in the sole and exclusive domain of Golden Boy pursuant to the Agreement. Indeed, Golden Boy is informed and believes that, on multiple occasions beginning no later than May 2022, Valencia has directly approached multiple opponents for Garcia to fight and negotiated various terms of Garcia's fights with those fighters and their promoters. For instance, despite Golden Boy's express instructions to the contrary, Valencia inserted himself into the negotiations for the Gervonta Davis fight, purporting to agree to terms that were unfavorable to Garcia (and Golden Boy) without ever consulting Golden Boy. Valencia has also prevented Golden Boy from negotiating with potential opponents for Garcia by making representations to other fighters and promoters regarding Garcia's plans and intentions.

    15.    Golden Boy is further informed and believes that, since the Davis vs. Garcia fight, Valencia has continued having discussions with other distributors, promoters, and fighters regarding Garcia's next fight. Golden Boy has on multiple occasions attempted to resolve this matter outside the courts, including by instructing Valencia to cease and desist these wrongful actions but, to date, those olive branches have been disregarded.

    16.    In response to Golden Boy's most recent cease and desist demand, Garcia has now taken the position that the Agreement is invalid and unenforceable, and that Golden Boy has

somehow breached the Agreement.

17. Golden Boy was thus forced to commence this lawsuit to enforce and protect its rights under the Agreement.

## FIRST CAUSE OF ACTION

### (Against All Defendants—Declaratory Relief Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*)

18. Golden Boy incorporates herein by this reference Paragraphs 1 through 17 above as though fully set forth herein.

19. An actual controversy has arisen and now exists between Golden Boy and Garcia with respect to their rights and obligations under the Agreement.

20. As set forth above, Golden Boy contends that the Agreement is valid and enforceable and is governed by Nevada law.

21. Golden Boy further contends that the Agreement expressly provides that Golden Boy has the sole and exclusive right, among other things, to promote Garcia's boxing matches and the right to broadcast, telecast, digitally stream, record, film and transmit, electronically and digitally, such matches for exhibition in all media. It forbids Garcia or his agents from negotiating or contracting for Garcia to engage in any boxing match other than as set forth in the Agreement. But when reminded of their obligations and Golden Boy's rights under the Agreement, Valencia and Garcia disagreed and ignored Golden Boy.

22. Garcia disputes Golden Boy's contentions and claims that the Agreement is void and unenforceable and that he is free to negotiate with other fighters, promoters, and broadcasters for his fights. Golden Boy disagrees with these assertions.

23. Golden Boy thus seeks a judicial declaration that: (a) the Agreement is valid and enforceable; (b) the Agreement is governed by Nevada law; (c) Golden Boy has the sole and exclusive right to promote Garcia's professional boxing matches and to negotiate for and broadcast the same; and (d) Garcia and Valencia are not permitted to conduct any negotiations or engage in any contracts with any third parties regarding Garcia's fights. This declaration is

appropriate and necessary so that the parties may know their respective rights and obligations under the Agreement.

## SECOND CAUSE OF ACTION

### (Against Valencia—Intentional Interference with Contractual Relations)

24. Golden Boy incorporates herein by this reference Paragraphs 1 through 17 above as though fully set forth herein.

25. At all relevant times and now, the Agreement has been and is a valid and enforceable contract between Golden Boy and Garcia.

26. Valencia knew of the Agreement and its terms since day one. Specifically, Valencia knew that:

    i. The Agreement provided Golden Boy the sole and exclusive promotional rights in Garcia's bouts and in broadcasting them.

    ii. Neither Garcia nor his agents could negotiate and/or contract for Garcia to engage in boxing matches outside of those allowed under the Agreement.

27. Yet, Valencia, either on his own or at Garcia's instruction, has purported to negotiate and/or contract for Garcia to engage in professional boxing matches and to broadcast those matches. Indeed, despite repeated demands from Golden Boy, Valencia has not ceased this conduct.

28. Valencia's actions have disrupted the entire Agreement by interfering with Golden Boy's ability to negotiate for and promote and distribute Garcia's fights. Specifically, Valencia has improperly pre-negotiated terms for Garcia's bouts and then presented those terms to Golden Boy as already agreed. Golden Boy is informed and believes that Valencia's actions were undertaken for the purpose of causing Garcia to breach the Agreement and to induce Garcia to then engage another promoter and distributor to the exclusion of Golden Boy.

29. The services of Garcia are special, unique, unusual, and extraordinary. As a result, Golden Boy has no adequate remedy at law and will suffer irreparable injury unless Valencia is enjoined from purporting to negotiate for the promotion and distribution of Garcia's

1 fights.

2     30. As a proximate result of the foregoing, Golden Boy has suffered millions of dollars in damages including, but not limited to, lost revenue from Garcia's fights, additional and unnecessary expenses in negotiating for and promoting Garcia's fights, and a loss of goodwill. The precise amount of these damages will be proven at the time of trial.

    31. Golden Boy is informed and believes that Valencia engaged in the conduct alleged herein with a conscious and willful disregard for Golden Boy's rights and/or with the intent to injure Golden Boy and that such conduct by Valencia is malicious and despicable and warrants an award of punitive damages in favor of Golden Boy and against Valencia to punish and deter him from engaging in such conduct in the future.

**PRAYER FOR RELIEF**

WHEREFORE, Golden Boy prays for judgment as follows:

**On the First Cause of Action**

1. For a declaration that:

    a. The Agreement is valid and enforceable;

    b. The Agreement is governed by Nevada law;

    c. Golden Boy has the sole and exclusive right to promote Garcia's professional boxing matches and to negotiate for and broadcast the same; and

    d. Garcia and Valencia are not permitted to conduct any negotiations or engage in any contracts with any third parties regarding Garcia's fights.

**On the Second Cause of Action**

2. For preliminary and permanent injunctive relief preventing and precluding Valencia, and each of his respective agents and employees, and all persons acting under, in concert with, or for him from negotiating and contracting with any third parties regarding Garcia's fights.

3. For consequential damages according to proof at the time of trial.

9
COMPLAINT

17896-00601/4853289.6

4. For exemplary and punitive damages against Valencia to punish and deter him from engaging in similar conduct in the future.

### On all Causes of Action

5. For reasonable attorneys' fees and costs of suit incurred herein.

6. For such other and further relief as the Court may deem just and proper.

DATED: June 16, 2023

Respectfully Submitted,

**KENNEDY & COUVILLIER PLLC**

*/s/Maximiliano D. Couvillier III*
Todd E. Kennedy, Esq. (Bar #6014)
tkennedy@kclawnv.com
Maximiliano D. Couvillier III, Esq.
(Bar #7661)
mcouvillier@kclawnv.com
3271 E. Warm Springs Rd.
Las Vegas, NV 89120
Telephone: 702.605.3440
Fax: 702.625.6367

*Attorneys for Plaintiff Golden Boy Promotions, LLC.*

10
COMPLAINT

17896-00601/4853289.6

# Exhibit B

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| GOLDEN BOY PROMOTIONS, LLC, a Delaware limited liability company, Plaintiff, *Plaintiff(s)* <br><br> v. <br><br> RYAN GARCIA, an individual, GUADALUPE VALENCIA, an individual, and DOES 1 through 25, inclusive, Defendants. *Defendant(s)* | Civil Action No. 2:23-CV-00942 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* GUADALUPE VALENCIA

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

KENNEDY & COUVILLIER PLLC
Todd E. Kennedy, Esq. (Bar #6014)
Maximiliano D. Couvillier III, Esq. (Bar #7661)
3271 E. Warm Springs Rd.
Las Vegas, NV 89120

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

DEBRA K. KEMPI
**CLERK**

*[signature]*
**(By) DEPUTY CLERK**

06/20/2023
**DATE**

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No. 2:23-CV-00942

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: