1

**CAMPBELL & WILLIAMS**
J. COLBY WILLIAMS (Nev. Bar No. 5549)

2
jcw@cwlawlv.com
710 South Seventh Street, Suite A

3
Las Vegas, Nevada 89101
Telephone: (702) 382-5222

4
Facsimile: (702) 382-0540

5
**EISNER, LLP**
Jeremiah Reynolds (*pro hac vice* forthcoming)

6
jreynolds@eisnerlaw.com
Katherine Pierucci (*pro hac vice* forthcoming)

7
kpierucci@eisnerlaw.com
433 N. Camden Dr., Fourth Floor

8
Beverly Hills, CA 90210
Telephone: (310) 855-3200

9
Facsimile: (310) 855-3201

10
*Attorneys for Defendant Guadalupe Valencia*

11

**UNITED STATES DISTRICT COURT**

12

**DISTRICT OF NEVADA**

13

14

15
GOLDEN BOY PROMOTIONS, LLC, a
Delaware limited liability company,

16
                    Plaintiff,

17
          vs.

18
RYAN GARCIA. an individual, GUADALUPE
VALENCIA, an individual, and DOES 1

19
through 25, inclusive,

20
                    Defendants.

21

22

23

24

25

26

27

28

CASE NO. 2:23-cv-00942-APG-VCF

**DEFENDANT GUADALUPE
VALENCIA'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND
MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT
THEREOF**

# TABLE OF CONTENTS

**Page(s)**

I.    MOTION TO DISMISS ................................................................................. 1

II.   MEMORANDUM OF POINTS AND AUTHORITIES ................................. 2

    A.    INTRODUCTION ................................................................................. 2

    B.    BRIEF STATEMENT OF FACTS ...................................................... 2

    C.    RELEVANT LEGAL STANDARD ON MOTIONS TO DISMISS ..................... 4

    D.    THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO 12(B)(1)
          FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE
          PLAINTIFF HAS NOT PLED AND CANNOT ESTABLISH
          COMPLETE DIVERSITY ...................................................................... 5

    E.    THE COMPLAINT  SHOULD BE DISMISSED PURSUANT TO
          12(B)(2) BECAUSE THIS COURT LACKS PERSONAL
          JURISDICTION OVER VALENCIA ................................................ 7

    F.    CONCLUSION ..................................................................................... 9

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

5

*Ace Ventures, L.L.C. v. LQK, L.L.C.*,
   No. 06-2346-PHX-PGR, 2006 WL 2882481 (D. Ariz. Oct. 4, 2006) ..................................... 6

6

7

*Boschetto v. Hansing*,
   539 F.3d 1011 (9th Cir. 2008)............................................................................................... 4

8

*Burger King Corp v. Rudzeqicz*,
   471 U.S. 462 (1985)............................................................................................................... 8

9

10

*Caterpillar Inc. v. Lewis*,
   519 U.S. 61 (1996)................................................................................................................. 5

11

12

*Daimler AG v. Bauman*,
   571 U.S. 117 (2014)............................................................................................................... 7

13

*In re DRAM Antitrust Litig.*,
   546 F.3d 981 (9th Cir. 2008)................................................................................................. 4

14

15

*Etouch LV, LLC v. Etouch Menu, Inc.*,
   No. 2:18-CV-2066 JCM, 2018 U.S. Dist. LEXIS 193970 (D. Nev. Nov. 14,
   2018) ...................................................................................................................................... 6

16

17

*Gardner v. Martino*,
   563 F.3d 981 (9th Cir. 2009)................................................................................................. 7

18

19

*Glencore Grain Rotterdam B.V. v. Shivnath Rai Hamarian Co.*,
   284 F.3d 114 (9th Cir. 2002)................................................................................................. 7

20

*Golden Boy Promotions LLC v. Alan Haymon et al.*,
   No. 15CV03378, 2015 WL 3751206 (C.D. Cal. May 5, 2015)............................................ 6

21

22

*Holland Am. Line Inc. v. Warsila N. Am., Inc.*,
   485 F.3d 450 (9th Cir. 2007)............................................................................................. 2, 8

23

24

*Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*,
   456 U.S. 694 (1982)............................................................................................................... 5

25

*Johnson v. Columbia Props. Anchorage, LP*,
   437 F.3d 894 (9th Cir. 2006)................................................................................................. 5

26

27

*Kokkonen v. Guardian Life Ins. Co.*,
   511 U.S. 375 (1994)........................................................................................................... 5, 6

28

*Lee v. American Nat'l Ins. Co.,*
    260 F.3d 997 (9th Cir. 2001) ............................................................. 5

*Menken v. Emm,*
    503 F.3d 1050 (9th Cir. 2007) ........................................................... 4

*Robinson v. U.S.,*
    586 F.3d 683 (9th Cir. 2009) ............................................................. 4

*Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,*
    374 F.3d 1020 (11th Cir. 2004) ......................................................... 6

*Schwarzenegger v. Fred Martin Motor Co.,*
    374 F.3d 797 (9th Cir. 2004) ............................................................. 8

*Segundo Suenos, LLC v. Jones,*
    494 F. App'x 732 (9th Cir. 2012) ...................................................... 2

*Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.,*
    851 F.3d 530 (5th Cir. 2017) ............................................................. 6

*Walden v. Fiore,*
    571 U.S. 277 ...................................................................................... 7

*White v. Lee,*
    227 F.3d 1214 (9th Cir. 2000) ........................................................... 4

*Zap's Elec., LLC v. Monarch Constr., LLC,*
    2023 U.S. Dist. LEXIS 124300 (D. Nev. July 19, 2023) .................. 5

**Statutes**

28 U.S.C. § 1332(a) ................................................................................. 5

**Other Authorities**

Fed. R. Civ. P. 12(b)(1) ..................................................................... 4, 5, 6

Fed. R. Civ. P. 12(b)(2) ........................................................................ 4, 7

Fed. R. Civ. P. 12(h)(3) ........................................................................... 5

Rules 12(b)(1) and 12(b)(2) ..................................................................... 1

www.goldenboypromotions.com ............................................................. 6

1  **I.      MOTION TO DISMISS**

2              COMES NOW, Defendant GUADALUPE VALENCIA, by and through his counsel of

3  record, and hereby submits this Motion to Dismiss the Complaint filed against him in this case by

4  Plaintiff Golden Boy Promotions, LLC, pursuant to Rules 12(b)(1) and 12(b)(2).

5              This Motion is made and based upon the Memorandum of Points and Authorities in support

6  hereof, the Declaration of Guadalupe Valencia and the Request for Judicial Notice in support hereof

7  filed and served concurrently herewith, the pleadings, records and files in this action, those matters

8  of which this Court may take judicial notice, and on such further evidence and argument as may be

9  presented prior to or at the time of any hearing concerning this Motion, which the Court may deem

10  just and necessary.

11

12              DATED: August 21, 2023                    CAMPBELL & WILLIAMS

13

14                                              By:    */s/ J. Colby Williams*
                                                      J. COLBY WILLIAMS, ESQ. (5549)
15                                                    jcw@cwlawlv.com
                                                      710 S. 7th Street
16                                                    Las Vegas, Nevada 89101
                                                      Tel: (702) 382-5222
17                                                    Fax: (702) 382-0540

18
                                                      EISNER, LLP
19                                                    Jeremiah Reynolds (*pro hac vice*
                                                      forthcoming)
20                                                    jreynolds@eisnerlaw.com
                                                      Katherine Pierucci (*pro hac vice*
21                                                    forthcoming)
                                                      kpierucci@eisnerlaw.com
22                                                    433 N. Camden Dr., Fourth Floor
                                                      Beverly Hills, CA 90210
23                                                    Telephone: (310) 855-3200
                                                      Facsimile: (310) 855-3201
24
                                                      *Attorneys for Defendant*
25                                                    *Guadalupe Valencia*

26

27

28

1

1    **II.    MEMORANDUM OF POINTS AND AUTHORITIES**

2        **A.    <u>INTRODUCTION</u>**

3            This Court lacks subject matter jurisdiction to hear this case and lacks personal jurisdiction

4    over Defendant Guadalupe Valencia ("Valencia"). The Complaint of Plaintiff Golden Boy

5    Promotions, LLC ("Plaintiff") against Valencia must be dismissed.

6            As a preliminary matter, this Court lacks subject matter jurisdiction over this case. As a

7    limited liability company ("LLC"), Plaintiff is a citizen of every state of citizenship of its members

8    and therefore must plead the identities and citizenship of *all* of its members to adequately plead

9    diversity jurisdiction. *Segundo Suenos, LLC v. Jones*, 494 F. App'x 732, 6 (9th Cir. 2012). The

10   Complaint alleges that "Golden Boy, one of the most successful boxing promotional companies in

11   the world owned by legendary boxers Oscar De La Hoya and Bernard Hopkins, has a valid and

12   enforceable promotional agreement with Garcia." (Compl., ¶ 1.) Publicly available information

13   suggests that at least De La Hoya is a citizen of California, as are the Defendants, destroying

14   diversity between the Parties.

15           Even if the Court had subject matter jurisdiction, this Court lacks both general personal

16   jurisdiction and specific personal jurisdiction over Valencia. Valencia is not a resident of Nevada,

17   does not own a home in Nevada, and does not regularly transact business in Nevada. The Complaint

18   does not allege that Valencia did anything within or directed at the state of Nevada. The only

19   reference in the Complaint to Nevada is that ***Plaintiff*** is allegedly a resident of Nevada and that an

20   agreement ***to which Valencia is not a party*** contains a Nevada forum selection clause. But Valencia

21   never agreed to be bound by the forum selection clause and is therefore not subject to it. *See, e.g.,*

22   *Holland Am. Line Inc. v. Warsila N. Am., Inc.*, 485 F.3d 450, 458 (9th Cir. 2007).

23           For the foregoing reasons and as more fully discussed herein, the Court should dismiss the

24   Complaint against Valencia.

25       **B.    <u>BRIEF STATEMENT OF FACTS</u>**

26           On or around September 18, 2019, Garcia, on the one hand, and Plaintiff, on the other hand,

27   executed a five-year exclusive promotional agreement (the "Agreement"), which is the subject of

28   this litigation. (Compl. ¶ 9.) Valencia is not a party to the Agreement (*See id.*) Valencia

represented Garcia in negotiating the Agreement.  (*Id.* ¶ 11.)  According to Plaintiff, Valencia has interfered with the Agreement by "engag[ing] in activities that are in the sole and exclusive domain of Golden Boy pursuant to the Agreement."  (*Id.* ¶ 14.)  Plaintiff alleges that "Valencia has directly approached multiple opponents for Garcia to fight and negotiated various terms of Garcia's fights with those fighters and their promoters.  For instance, despite Golden Boy's express instructions to the contrary, Valencia inserted himself into the negotiations for the Gervonta Davis fight, purporting to agree to terms that were unfavorable to Garcia (and Golden Boy) without ever consulting Golden Boy."  (*Id.*)  Plaintiff further alleges that Valencia "prevented Golden Boy from negotiating with potential opponents for Garcia by making representations to other fighters and promoters regarding Garcia's plans and intentions."  (*Id.*)  Finally, Plaintiff alleges that "Valencia has continued having discussions with other distributors, promoters, and fighters regarding Garcia's next fight."  (*Id.* ¶ 15.)

Based on the foregoing allegations, Plaintiff has alleged the following causes of action:

**First Cause of Action for Declaratory Relief Against All Defendants**.  Plaintiff seeks a judicial declaration that: (a) the Agreement is valid and enforceable; (b) the Agreement is governed by Nevada law; (c) Plaintiff has the sole and exclusive right to promote Garcia's professional boxing matches and to negotiate for and broadcast the same; (d) Garcia and Valencia are not permitted to conduct any negotiations or engage in any contracts with any third parties regarding Garcia's fights. (*Id.* ¶ 23.)

**Second Cause of Action for Intentional Interference with Contractual Relations Against Valencia**.  Plaintiff alleges that Valencia knew of the terms of the Agreement, and nonetheless interfered with the Agreement by "purport[ing] to negotiate and/or contract for Garcia to engage in professional boxing matches and to broadcast those matches." (*Id.* ¶¶ 26, 27.)  Plaintiff alleges that Valencia's actions have disrupted the Agreement by interfering with Plaintiff's ability to negotiate for and promote and distribute Garcia's fights.  (*Id.* ¶ 28.)  "Specifically, Valencia has improperly pre-negotiated terms for Garcia's bouts and then presented those terms to [Plaintiff] as already agreed."  (*Id.*)  "Valencia's actions were undertaken for the purpose of causing Garcia to

3

1    breach the Agreement and to induce Garcia to then engage another promoter and distributor to the

2    exclusion of [Plaintiff]." (*Id.*)  Plaintiff seeks an injunction and monetary damages. (*Id.* ¶¶ 29, 30)

3                    **C.    RELEVANT LEGAL STANDARD ON MOTIONS TO DISMISS**

4            Federal Rule of Civil Procedure 12(b)(1) requires dismissal of a complaint where subject

5    matter jurisdiction is lacking.  Fed. R. Civ. P. 12(b)(1).  "Rule 12(b)(1) jurisdictional attacks can

6    be either facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).   With respect to a

7    "facial" attack, "[d]ismissal for lack of subject matter jurisdiction is appropriate if the complaint,

8    considered in its entirety, on its face fails to allege facts sufficient to establish subject matter

9    jurisdiction." *In re DRAM Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir. 2008).  As regards a

10   "factual" attack, the court "may 'hear evidence regarding jurisdiction' and 'resolv[e] factual

11   disputes where necessary.'"  *Robinson v. U.S.*, 586 F.3d 683, 685 (9th Cir. 2009) (quoting

12   *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983)).  When a Rule 12(b)(1) challenge

13   is made, "no presumptive truthfulness attaches to plaintiff's allegations" and the plaintiff has the

14   burden of establishing subject matter jurisdiction.  *Id.* (citations and internal quotation marks

15   omitted).

16           Federal Rule of Civil Procedure 12(b)(2) requires dismissal of a complaint where personal

17   jurisdiction is lacking. Fed. R. Civ. P. 12(b)(2).   "There are two forms of personal jurisdiction that

18   a forum may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction."

19   *Boschetto v. Hansing,* 539 F.3d 1011, 1016 (9th Cir. 2008). A forum may exercise general personal

20   jurisdiction only when "a defendant's contacts with a forum are so substantial, continuous, and

21   systematic that the defendant can be deemed to be 'present' in that forum for all purposes." *Menken*

22   *v. Emm,* 503 F.3d 1050, 1056-57 (9th Cir. 2007).  If the forum lacks general personal jurisdiction

23   over a given defendant, the Complaint will be dismissed unless the Plaintiff can establish specific

24   jurisdiction, i.e., "jurisdiction based on the relationship between the defendant's forum contacts and

25   plaintiff's claims."  *Menken*, 503 F.3d at 1057.

26

27

28

1
2
3
4

    **D.**       **THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO 12(B)(1) FOR LACK OF SUBJECT MATTER JURISDICTION BECAUSE PLAINTIFF HAS NOT PLED AND CANNOT ESTABLISH COMPLETE DIVERSITY**

5
6
7
8
9
10
11
12
13
14
15

    The Court should dismiss the Complaint for lack of subject matter jurisdiction because Plaintiff has not pled and cannot establish complete diversity.  Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.* (internal citations omitted).  Article III, § 2 of the Constitution and the federal diversity statute, 28 U.S.C. § 1332(a), give federal district courts jurisdiction "over cases between 'citizens of different States,' and 'over cases between citizens of a State' and 'citizens or subjects of a foreign state.'" *See* 28 U.S.C. § 1332(a); *Lee v. American Nat'l Ins. Co.,* 260 F.3d 997, 1004 n.6 (9th Cir. 2001).  In a case premised on diversity, as Plaintiff pleads here (Compl. ¶ 7), there must be complete diversity, where all plaintiffs must have citizenship that is different than all defendants. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

16
17
18
19
20
21
22

    An LLC, like Plaintiff, is a citizen of each state where its owners/members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  "Pursuant to Ninth Circuit law, if one of the members/owners of an LLC shares the same citizenship with the members of any adverse party . . . diversity does not exist." *Zap's Elec., LLC v. Monarch Constr., LLC*, 2023 U.S. Dist. LEXIS 124300, *3 (D. Nev. July 19, 2023).  Ultimately, "[i]f the Court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also* Fed. R. Civ. P. 12(b)(1).[1]

23
24
25
26

    To determine the citizenship of an LLC, such as Plaintiff, the LLC itself must "list or provide the names of its members/owners" and provide information about their state of citizenship. *Zap's Elec.*, 2023 U.S. Dist. LEXIS 124300, at *3 (holding that allegation that LLC's members were citizens of Rhode Island was inadequate because the LLC did not provide additional

27
28

---

[1] A party cannot waive the defense of lack of subject matter jurisdiction, and a party cannot be estopped from raising it. *See, e.g.*, *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

1   information about the members/owners of the LLC, nor provide any information about their state(s)

2   of citizenship); *see also Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536

3   (5th Cir. 2017) ("A party seeking to establish diversity jurisdiction must *specifically allege* the

4   citizenship of *every member* of every LLC or partnership involved.") (emphasis added); *Rolling*

5   *Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("To

6   sufficiently allege the citizenships of these unincorporated business entities, a party must *list* the

7   citizenships of *all* the members of the limited liability company.") (emphasis added).  Therefore,

8   "what is required in the present Complaint is an affirmative allegation of the **citizenship of each**

9   **membe**r of the Plaintiff limited liability company." *Ace Ventures, L.L.C. v. LQK, L.L.C.,* No. 06-

10  2346-PHX-PGR, 2006 WL 2882481, at *1 (D. Ariz. Oct. 4, 2006) (emphasis in original).  "When

11  a member of an LLC is itself an LLC, the jurisdictional analysis requires identification of the

12  citizenship of each 'sub-member' as well." *Etouch LV, LLC v. Etouch Menu, Inc*., No. 2:18-CV-

13  2066 JCM, 2018 U.S. Dist. LEXIS 193970, at *1 (D. Nev. Nov. 14, 2018).

14         Plaintiff pleads that it is owned by De La Hoya and Hopkins (Compl., ¶ 1), but does not

15  sufficiently identify the citizenship of either.  Publicly available information strongly suggests that

16  at least De La Hoya is a citizen of California.  (RJN Exs. B, F.)  Plaintiff and Hopkins alleged in a

17  separate federal court case that Hopkins is also a resident of Los Angeles County, California.  *See*

18  *Golden Boy Promotions LLC v. Alan Haymon et al.*, No. 15CV03378, 2015 WL 3751206 at *2

19  (C.D. Cal. May 5, 2015).[2]

20         Plaintiff has failed to adequately allege diversity.  This Court lacks subject matter

21  jurisdiction over this case and it must be dismissed pursuant to Rule 12(b)(1).  *See Kokkonen*, 511

22

23  [2] Plaintiff has self-identified as a resident of California in filings in federal court and with the
    California Secretary of State.  Plaintiff alleged in a federal lawsuit that it was a California limited

24  liability company with its principal office in Los Angeles, California. *See Golden Boy Promotions
    LLC v. Alan Haymon et al.*, No. 15CV03378, 2015 WL 3751206 at *2 (C.D. Cal. May 5, 2015).

25  Plaintiff also filed a Limited Liability Company Application for Registration with the California
    Secretary of State in 2008, and a Statement of Information with the California Secretary of State

26  in 2022, both of which identify Plaintiff's address in Los Angeles, California.  (RJN Exs. A, B.)
    Indeed, Plaintiff has been registered to do business in California since approximately one week

27  after its formation in Delaware in 2008.  (RJN Ex. C.)  Moreover, Plaintiff owns and operates the
    website, www.goldenboypromotions.com, wherein Plaintiff represents that its principal address is

28  626 Wilshire Boulevard, Suite 350, Los Angeles, CA 90017.  (*See* RJN Ex. D, E.)

U.S. at 377; *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (explaining that a district court may deny leave to amend where the amendment would be futile).

### E.   THE COMPLAINT  SHOULD BE DISMISSED PURSUANT TO 12(B)(2) BECAUSE THIS COURT LACKS PERSONAL JURISDICTION OVER VALENCIA

The Complaint should be dismissed as to Valencia because the Court lacks both general personal jurisdiction and specific personal jurisdiction over Valencia under Federal Rule of Civil Procedure 12(b)(2).

There is no general jurisdiction over Valencia because Valencia has virtually no contacts with Nevada.  To establish general personal jurisdiction over Valencia, Plaintiff must demonstrate that Valencia is either domiciled in Nevada or has sufficient contacts "to constitute the kind of continuous and systematic general business contacts that 'approximate physical presence." *Glencore Grain Rotterdam B.V. v. Shivnath Rai Hamarian Co.*, 284 F.3d 114, 119 (9th Cir. 2002) (internal citations omitted).  General jurisdiction exists only where the defendant's "affiliations with the [s]tate are so 'continuous and systematic' as to render them essentially at home in the forum [s]tate." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)  For an individual, the "paradigm forum for the exercise of general jurisdiction is the individual's domicile." *Daimler*, 571 U.S. at 137.

Valencia is domiciled in San Diego, California, and a member of the California State Bar. (Valencia Decl. ¶ 2.)  Valencia does not own a home in Nevada, nor does he regularly transact business in Nevada.  (*Id.* ¶ 3.)  Valencia did not conduct any negotiations of any business involving Garcia within the state of Nevada.  (*Id.*)  Moreover, the Complaint contains no allegations that Valencia has any contacts with Nevada, let alone any such contacts that would be "continuous and systematic" enough to render Valencia "essentially at home" in Nevada.  This Court therefore lacks general jurisdiction over Valencia.

There is likewise no specific jurisdiction over Valencia.  "The inquiry whether a forum [s]tate may assert specific jurisdiction over a nonresident defendant focuses on the relationship among the defendant, the forum[,] and the litigation." *Walden v. Fiore*, 571 U.S. 277, 283-84

(internal quotation marks and citation omitted).  To analyze whether the assertion of specific jurisdiction in a given forum is proper, courts utilize a three-part test:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum related activities; *and*

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e.[,] it must be reasonable.

*Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).  The plaintiff bears the burden of satisfying the first two prongs of the test, and if plaintiff fails to do so, personal jurisdiction is not established in the forum state.  *Id.*  If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable.  *Burger King Corp v. Rudzeqicz*, 471 U.S. 462, 476-78 (1985).

Plaintiff cannot satisfy either of the first two prongs.  Valencia has not purposefully availed himself of the privilege of conducting activities in Nevada.  Valencia does not live or own a home in Nevada, nor does he regularly do business in Nevada.  (Valencia Decl. ¶¶ 2, 3.)  The Complaint does not allege that Valencia stepped foot in or directed any activities toward the state of Nevada. (*See generally*, Complaint.)

The forum selection clause is insufficient to confer personal jurisdiction over Valencia because Valencia is not a party to the Agreement and never agreed to be bound by it.  *See, e.g., Holland Am. Line Inc. v. Warsila N. Am., Inc.*, 485 F.3d 450, 458 (9th Cir. 2007) ("[A] forum selection clause may give rise to waiver of objections to personal jurisdiction . . . *provided that the defendant agrees to be so bound*. . . The fundamental element lacking here is any evidence that either [defendant] agreed to the clause.").  Because Plaintiff cannot satisfy either of the first two

prongs, the analysis ends here.[3]  This Court lacks specific personal jurisdiction over Valencia, and the Complaint must be dismissed.

**F.**       **CONCLUSION**

For the foregoing reasons, Defendant Guadalupe Valencia respectfully requests that the Court dismiss the Complaint against him.


DATED: August 21, 2023                          CAMPBELL & WILLIAMS


                                        By:   */s/ J. Colby Williams*
                                              J. COLBY WILLIAMS, ESQ. (5549)
                                              jcw@cwlawlv.com
                                              710 S. 7th Street
                                              Las Vegas, Nevada 89101
                                              Tel: (702) 382-5222
                                              Fax: (702) 382-0540


                                              EISNER, LLP
                                              Jeremiah Reynolds (*pro hac vice*
                                              forthcoming)
                                              jreynolds@eisnerlaw.com
                                              Katherine Pierucci (*pro hac vice*
                                              forthcoming)
                                              kpierucci@eisnerlaw.com
                                              433 N. Camden Dr., Fourth Floor
                                              Beverly Hills, CA 90210
                                              Telephone: (310) 855-3200
                                              Facsimile: (310) 855-3201

                                              *Attorneys for Defendant*
                                              *Guadalupe Valencia*

---

[3] Even if this Court were to proceed to the third step of the analysis—"the exercise of jurisdiction must comport with fair play and substantial justice, i.e.[,] it must be reasonable"—the Court would easily conclude that exercise of jurisdiction would not be reasonable in light of the facts set forth in Valencia's Declaration, including that Valencia does not live, own a home, or regularly transact business in Nevada, and is not alleged to have done anything in Nevada in the Complaint.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of the foregoing DEFENDANT GUADALUPE VALENCIA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF was served on the 21st day of August, 2023 via the Court's CM/ECF electronic filing system addressed to all parties on the eservice list.

/s/ *J. Colby Williams*
An employee of Campbell & Williams