**CAMPBELL & WILLIAMS**
J. COLBY WILLIAMS (Nev. Bar No. 5549)
jcw@cwlawlv.com
710 South Seventh Street, Suite A
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

**EISNER, LLP**
Jeremiah Reynolds (*pro hac vice* forthcoming)
jreynolds@eisnerlaw.com
Katherine Pierucci (*pro hac vice* forthcoming)
kpierucci@eisnerlaw.com
433 N. Camden Dr., Fourth Floor
Beverly Hills, CA 90210
Telephone: (310) 855-3200
Facsimile: (310) 855-3201

*Attorneys for Defendant Guadalupe Valencia*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GOLDEN BOY PROMOTIONS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>RYAN GARCIA. an individual, GUADALUPE VALENCIA, an individual, and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO. 2:23-cv-00942-APG-VCF<br><br>**DEFENDANT GUADALUPE VALENCIA'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS**<br><br>*ORAL ARGUMENT REQUESTED* |

PLEASE TAKE NOTICE that, in connection with his Motion to Dismiss, Defendant Guadalupe Valencia respectfully requests, pursuant to Federal Rule of Evidence 201, that the Court take judicial notice that Plaintiff Golden Boy Promotions, LLC's ("Plaintiff") filed and published the documents listed below and made the statements expressed therein.

1. **Exhibit A**: A true and correct copy of Plaintiff's LLC Application for Registration, filed with the Secretary of State of California on May 21, 2008 ("2008 Golden Boy Promotions, LLC California LLC Application").

2. **Exhibit B**: A true and correct copy of Plaintiff's Statements of Information, filed with the Secretary of State of California on February 18, 2022 ("2022 Golden Boy Promotions, LLC California Statement of Information").

3. **Exhibit C**: A true and correct copy of the State of Delaware's Entity Details for Plaintiff, from the Delaware Department of State Division of Corporations, publicly available and accessible at https://icis.corp.delaware.gov/ecorp/entitysearch/NameSearch.aspx ("Delaware Entity Details").

4. **Exhibit D:** A printout of the Cookie Policy (EU) webpage for www.goldenboypromotions.com, accessed on August 15, 2023, stating that, "[t]his Cookie Policy was last update on June 19, 2023 . . ." identifying Plaintiff as the entity to contact "[f]or questions and/or comments" about the Cookie Policy, and representing that Plaintiff's contact information includes the following address, website, and telephone number: 626 Wilshire Blvd., Suite 350, Los Angeles, CA 90017, https://www.goldenboypromotions.com, (323)-886-0660 ("Plaintiff's Cookie Policy").

5. **Exhibit E:** A printout of the Disclaimer webpage for www.goldenboypromotions.com, accessed on August 15, 2023, stating that Plaintiff "is committed to keeping this website up to date and accurate" ("Plaintiff's Disclaimer Page"). Plaintiff's Disclaimer Page is publicly accessible by typing https://www.goldenboypromotions.com/disclaimer/ into the URL search bar.

6. **Exhibit F:** A true and correct copy of Golden Boy Boxing Holdings LLC Statements of Information, filed with the Secretary of State of California on February 18, 2022 ("2022 Golden Boy Boxing Holdings, LLC California Statement of Information").

## I.   LEGAL STANDARD

Federal Rule of Evidence ("FRE") 201 permits a court to take judicial notice of an adjudicative fact that is "not subject to reasonable dispute because it: (1) is generally known . . . or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." *Id*. 201(c)(2).  The Court may consider such documents "at any stage of the proceeding," *id*. 201(d), "even if they are not referenced in the pleading, so long as they meet the requirements for judicial notice set forth in Federal Rule of Evidence 201." *Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc*., No. 11-01016 SC, 2012 WL 685344, at *8 n.5 (N.D. Cal. Mar. 2, 2012).  A court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

## II.   EXHIBITS A, B, AND F

The Court should take judicial notice that Plaintiff filed Exhibits A, B, and F, and made the statements therein, pursuant to FRE 201, because Exhibits A, B, and F are matters of public record not subject to reasonable dispute.  Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (holding that courts may judicially notice "matters of public record"); *Miyayama v. Burke*, 2:20-cv-01683-DJA, 2021 WL 5370244, at *5 (D. Nev. Dec. 29, 2021) (same). Exhibits A, B, and F are an LLC Application for Registration and Statements of Information that Plaintiff filed with the California Secretary of State, publicly accessible from the California Secretary of State's website.  The Ninth Circuit has long recognized that such records are judicially noticeable under FRE 201.  *See, e.g.*, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) ("It is appropriate to take judicial notice of this information, as it was made publicly available by government entities …, and neither party disputes the authenticity of the web sites or

the accuracy of the information displayed therein").  The Ninth Circuit has also held that district courts may take judicial notice of the fact that parties have filed such documents with the California Secretary of State.  *See Smelt v. Cnty. of Orange*, 447 F.3d 673, 677 n.4 (9th Cir. 2006).  Consistent herewith, courts in this district have likewise found it appropriate to take judicial notice of a Secretary of State's entity information.  *See Wagenaar v. Robison*, No. 2:13-CV-01202-APG, 2014 WL 4206703, at *1 n.5 (D. Nev. Aug. 22, 2014).  So too have courts in other districts in the Ninth Circuit.  *See, e.g.*, *Evers v. La-Z-Boy Inc.*, 21-cv-2100-LL-BLM, 2022 WL 2966301, at *1 n.1 (S.D. Cal. July 27, 2022) (granting judicial notice of Statements of Information from the Secretary of State of California's website); *In v. BMW of N. Am., LLC*, No. 1:18-CV-1267-AWI-JLT, 2019 U.S. Dist. LEXIS 13351, at *2 n.2 (E.D. Cal. Jan. 28, 2019) (granting judicial notice of an LLC filing statement).

As such, Guadalupe Valencia respectfully requests that the Court take judicial notice that Plaintiff filed the 2008 California LLC Application, attached as Exhibit A, the 2022 California Statement of Information, attached as Exhibit B, and the 2022 California Statement of Information, attached as Exhibit F, and that the information contained therein was communicated by Plaintiff and is true and accurate.

The Court may also take judicial notice of Exhibits A, B and F on the grounds that they contradict allegations made in the Complaint regarding diversity jurisdiction.  *See, e.g., Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (noting that the Court is "'not required to accept as true [Plaintiff's] conclusory allegations which are contradicted by documents referred to in the complaint'" or "that contradict matters properly subject to judicial notice") (citation omitted).

III.    **EXHIBIT C**

The Court should take judicial notice of the facts set forth in Exhibit C regarding Plaintiff, because Exhibit C is also a matter of public record not subject to reasonable dispute.  Fed. R. Evid. 201; *see also Lee*, 250 F.3d at 688.  Exhibit G is a publicly available record from Delaware's Department of State: Division of Corporations, available at

https://icis.corp.delaware.gov/ecorp/entitysearch/NameSearch.aspx, pertaining to Plaintiff, which reports that Plaintiff was formed on May 13, 2018 under File Number 4547064.  This is precisely the type of public record from a reliable internet source that the Ninth Circuit has previously held to be a proper subject for judicial notice.  *See Daniels-Hall*, 629 F.3d at 998.  Indeed, just last year the Ninth Circuit instructed that district courts should take judicial notice of the State of Delaware's Entity Details, like Exhibit C.  *See MAG US Lounge Mgmt., LLC v. Ontario Int'l Airport Auth.*, No. 22-55230, 2022 WL 17664000, at *2 (9th Cir. Dec. 14, 2022).

As such, Guadalupe Valencia respectfully requests that the Court take judicial notice that Plaintiff was formed in Delaware on May 13, 2008, at File Number 4547064, as set forth in the Delaware Entity Details attached as Exhibit C hereto.

## IV.   EXHIBITS D AND E

Lastly, the Court should take judicial notice that, as set forth in Exhibits D and E, Plaintiff operates the publicly accessible website, www.goldenboypromotions.com, and is responsible for "keeping the website up to date and accurate" and addressing policy questions or comments therefor, and also that Plaintiff is based in Los Angeles, California with the following contact information: 626 Wilshire Blvd., Suite 350, Los Angeles, CA 90017, https://www.goldenboypromotions.com, and (323)-886-0660.  "The existence of statements made on [a plaintiff's] website is a proper subject of judicial notice."  *Produce Pay, Inc. v. Izguerra Produce, Inc*., 39 F.4th 1158, 1176 n.6 (9th Cir. 2022); *see also Threshold Enters Ltd. v. Pressed Juicery, Inc*., 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("Courts may take judicial notice of . . . websites and their contents.").  The only reason not to take judicial notice here would be if the website's authenticity were disputed or it was not capable of accurate and ready determination.  *See* 29 Am. Jur. 2d Evidence § 95 ("A court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and it is capable of accurate and ready determination.").  That is not the case, however, as there is no legitimate reason to question the authenticity of publicly available webpages whose addresses have been provided, especially when they both represent that Plaintiff itself has responsibility for keeping said webpages up to date.

## V.    <u>CONCLUSION</u>

For the foregoing reasons, Guadalupe Valencia respectfully requests that the Court take judicial notice of Exhibits A-F in the manner detailed herein.

DATED: August 21, 2023                          CAMPBELL & WILLIAMS

By:  <u>/s/ J. Colby Williams</u>
J. COLBY WILLIAMS, ESQ. (5549)
jcw@cwlawlv.com
710 S. 7th Street
Las Vegas, Nevada 89101
Tel: (702) 382-5222
Fax: (702) 382-0540


EISNER, LLP
Jeremiah Reynolds (*pro hac vice* forthcoming)
jreynolds@eisnerlaw.com
Katherine Pierucci (*pro hac vice* forthcoming)
kpierucci@eisnerlaw.com
433 N. Camden Dr., Fourth Floor
Beverly Hills, CA 90210
Telephone: (310) 855-3200
Facsimile: (310) 855-3201

*Attorneys for Defendant*
*Guadalupe Valencia*

5

1

<u>**CERTIFICATE OF SERVICE**</u>

2

     The undersigned hereby certifies that service of the foregoing DEFENDANT

3

GUADALUPE VALENCIA'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION

4

TO DISMISS was served on the 21st day of August, 2023 via the Court's CM/ECF electronic filing

5

system addressed to all parties on the eservice list.

6

7

                                  <u>/s/ *J. Colby Williams*</u>

8

                                    An employee of Campbell & Williams

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>INDEX</u>**

| Exhibit No. | Description | Pages |
|---|---|---|
| A | State of California Limited Liability Company Application for Registration of Golden Boy Promotions, LLC | 1 - 2 |
| B | Golden Boy Promotions, LLC's Statements of Information, filed with the Secretary of State of California on February 18, 2022 | 3 - 4 |
| C | State of Delaware's Entity Details for Golden Boy Promotions, LLC | 5 |
| D | Printout of the Cookie Policy (EU) webpage for www.goldenboypromotions.com, accessed on August 15, 2023 | 6 |
| E | Printout of the Disclaimer webpage for www.goldenboypromotions.com, accessed on August 15, 2023 | 7 |
| F | Golden Boy Boxing Holdings LLC's Statements of Information, filed with the Secretary of State of California on February 18, 2022 | 8 - 9 |