1

2

3

4

**CAMPBELL & WILLIAMS**
J. COLBY WILLIAMS (Nev. Bar No. 5549)
jcw@cwlawlv.com
710 South Seventh Street, Suite A
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540

5

6

7

8

9

**PAUL HASTINGS LLP**
JAMES M. PEARL (*pro hac vice*)
jamespearl@paulhastings.com
EMMA FARROW (*pro hac vice*)
emmafarrow@paulhastings.com
1999 Avenue of the Stars, 27th Fl.
Century City, California  90067
Telephone:  (310) 620-5700
Facsimile:  (310) 620-5899

10

11

12

ADAM M. REICH (*pro hac vice*)
adamreich@paulhastings.com
71 South Wacker Drive, 45th Fl.
Chicago, Illinois 60606
Telephone:  (312) 499-6000
Facsimile:  (312) 499-6100

13

14

*Attorneys for Defendant Ryan Garcia*

15

16

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

17

18

19

20

21

22

23

24

25

26

27

28

| | |
|---|---|
| GOLDEN BOY PROMOTIONS, LLC, a Delaware limited liability company,<br><br>                          Plaintiff,<br><br>          vs.<br><br>RYAN GARCIA. an individual, GUADALUPE VALENCIA, an individual, and DOES 1 through 25, inclusive,<br><br>                          Defendants. | CASE NO. 2:23-cv-00942-APG-VCF<br><br>**DEFENDANT RYAN GARCIA'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>**ORAL ARGUMENT REQUESTED**<br><br>Judge: The Hon. Andrew P. Gordon<br>Date Action Filed:  June 16, 2023<br><br>[Motion for Judicial Notice and Motion for Leave to File Under Seal filed concurrently herewith] |

# TABLE OF CONTENTS

**Page**

I.   MOTION TO DISMISS..............................................................................................1

II.  MEMORANDUM OF POINTS AND AUTHORITIES .......................................2

    A.   Introduction .................................................................................................2

    B.   Brief Statement of Facts .............................................................................3

    C.   Relevant Legal Standard on Motions to Dismiss.......................................6

        1.   Federal Rule of Civil Procedure ("Rule") 12(b)(6)....................6

        2.   Rule 12(b)(1) ...............................................................................7

    D.   Plaintiff's Failure to Comply With the Agreement's Pre-suit Mediation Requirement Necessitates Dismissal Under Rule 12(b)(6)...................................7

        1.   Satisfaction of the mediation requirement of the Agreement is a condition precedent to litigation................................................8

        2.   Plaintiff is not excused from complying with Section 13(a).....................10

    E.   Plaintiff's Complaint Against Ryan Garcia Should Be Dismissed Because Plaintiff Has Not Pled A Legally Cognizable Claim Against Ryan Garcia..........11

    F.   The Complaint  Should Be Dismissed Pursuant to 12(b)(1) Because Plaintiff Has Not Met Its Burden To Establish Complete Diversity....................13

    G.   Conclusion .................................................................................................16

1

# TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Ace Ventures, L.L.C. v. LQK, L.L.C.*,
   No. 06-2346-PHX-PGR, 2006 WL 2882481 (D. Ariz. Oct. 4, 2006) ................................... 14

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................................................... 6

*Bank of New York Mellon v. Las Vegas Dev. Grp. LLC*,
   No 2:16-CV-478-JCM-GWF, 2018 WL 7501300 (D. Nev. July 19, 2019) ......................... 12

*Bielar v. Washoe Health Sys., Inc.*,
   306 P.3d 360 (Nev. 2013) ............................................................................................ 9

*Brantigan v. Depuy Spine, Inc.*,
   No. C08-0177RSL, 2008 WL 4528200 (W.D. Wash. Oct. 3, 2008) ................................... 13

*Caterpillar Inc. v. Lewis*,
   519 U.S. 61 (1996) ....................................................................................................... 14

*Centaur Corp. v. ON Semiconductor Components Indus., LLC*,
   No. 09 CV 2041 JM BLM, 2010 WL 444715 (S.D. Cal. Feb. 2, 2010) ................................. 7

*Clifford v. GEICO Cas. Co.*,
   428 F. Supp. 3d 317 (D. Nev. 2019) ............................................................................... 4

*Couturier v. Am. Invsco Corp.*,
   10 F. Supp. 3d 1143 (D. Nev. 2014) ............................................................................... 2

*Delamater v. Anytime Fitness, Inc.*,
   722 F. Supp. 2d 1168 (E.D. Cal. 2010) ............................................................................ 7

*In re DRAM Antitrust Litig.*,
   546 F.3d 981 (9th Cir. 2008) ......................................................................................... 7

*eTouch LV, LLC v. eTouch Menu, Inc.*,
   No. 2:18-CV-2066 JCM, 2018 U.S. Dist. LEXIS 193970
   (D. Nev. Nov. 14, 2018) ........................................................................................ 14, 16

*Fleck & Assoc., Inc. v. Phoenix, City of, an Ariz. Mun. Corp.*,
   471 F.3d 1100 (9th Cir. 2006) ...................................................................................... 12

*Franke v. Yates*,
   No. 19-cv-00007, 2019 WL4856002 (D. Haw. Oct. 1, 2019) ............................................. 7

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Gardner v. Eighth Jud. Dist. Ct. (Henderson Water Park, LLC)*,
 405 P.3d 651 (Nev. 2017) ...................................................................................... 15

*Gardner v. Martino*,
 563 F.3d 981 (9th Cir. 2009) ................................................................................ 16

*Golden Boy Promotions, LLC v. Haymon*,
 No. 15-CV-03378 (C.D. Cal. Aug. 10, 2015), ECF No. 56 ............................. 4, 15

*Hunt v. State Farm Mut. Auto. Ins. Co.*,
 655 F. Supp. 284 (D. Nev. 1987) ........................................................................ 13

*Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*,
 456 U.S. 694 (1982) ............................................................................................ 14

*Johnson v. Columbia Props. Anchorage, LP*,
 437 F.3d 894 (9th Cir. 2006) ................................................................... 5, 14, 15

*Khoja v. Orexigen Therapeutics, Inc.*,
 899 F.3d 988 (9th Cir. 2018) ................................................................................. 6

*Kokkonen v. Guardian Life Ins. Co.*,
 511 U.S. 375 (1994) ...................................................................................... 13, 16

*Lee v. Am. Nat'l Ins. Co.*,
 260 F.3d 997 (9th Cir. 2001) ............................................................................... 13

*Leigh-Pink v. Rio Props., LLC*,
 849 F. App'x 629 (9th Cir. 2021) .................................................................... 3, 12

*MB America, Inc. v. Alaska Pacific Leasing Co.*,
 367 P.3d 1286 (Nev. 2016) ............................................................... 8, 9, 10, 11

*MedImmune, Inc. v. Genentech, Inc.*,
 549 U.S. 118 (2007) ............................................................................................ 12

*Musser v. Bank of Am.*,
 964 P.2d 51 (Nev. 1998) ................................................................................. 9, 11

*N.D. v. Haw. Dep't of Educ.*,
 600 F.3d 1104 (9th Cir. 2010) ............................................................................... 8

*PDM Strocal, Inc. v. Fireman's Fund Ins. Co.*,
 73 F. App'x 915 (9th Cir. 2003) ............................................................................ 8

*Pettit v. Fed. Nat'l Mortg. Ass'n*,
 No. 2:11-cv-00149-JAD, 2014 WL 584876 (D. Nev. Feb. 11, 2014), *aff'd*, 678
 F. App'x 468 (9th Cir. 2017) ............................................................................... 11

*Rhoades v. Avon Prods., Inc.*,
     504 F.3d 1151 (9th Cir. 2007)................................................................................ 12

*Robinson v. United States*,
     586 F.3d 683 (9th Cir. 2009)................................................................................... 7

*Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*,
     374 F.3d 1020 (11th Cir. 2004)............................................................................. 14

*Roybal v. Bachman*,
     No. 2:21-CV-1931 JCM, 2022 WL 2307075 (D. Nev. June 27, 2022)................... 7

*Segundo Suenos, LLC v. Jones*,
     494 F. App'x 732 (9th Cir. 2012) ............................................................................ 3

*Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*,
     851 F.3d 530 (5th Cir. 2017).................................................................................. 14

*Sprewell v. Golden State Warriors*,
     266 F.3d 979 (9th Cir. 2001)................................................................................... 6

*Starr v. Baca*,
     652 F.3d 1202 (9th Cir. 2011).............................................................................. 6, 8

*Stoneridge Parkway, LLC v. Silverstone Ranch Cmty. Ass'n, Non-Profit Corp.*,
     441 P.3d 547, 2019 WL 2302051 (Nev. 2019) ..................................................... 10

*Tattoo Art, Inc. v. TAT Int'l, LLC*,
     711 F. Supp. 2d 649 (E.D. Va. 2010)...................................................................... 9

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
     551 U.S. 308 (2007).................................................................................................. 2

*Theme Promotions v. News Am. Mktg. FSI*,
     546 F.3d 991 (9th Cir. 2008).................................................................................... 3

*United States for use and benefit of Agate Steel, Inc. v. Jaynes Corp.*,
     No. 2:13-CV-01907-APG-NJK, 2016 WL 8732302 (D. Nev. June 17, 2016)........ 8

*Vignola v. Gilman*,
     804 F. Supp. 2d 1072 (D. Nev. 2011) ............................................................... 12, 13

*Wells Fargo Bank, N.A. v. SFR Invs. Pool 1, LLC*,
     No. 2:15-cv-02257-JCM-CWH, 2017 WL 1902158 (D. Nev. May 9, 2017)........ 11

*White v. Lee*,
     227 F.3d 1214 (9th Cir. 2000).................................................................................. 7

*Zap's Elec., LLC v. Monarch Constr., LLC*,
     No. 3:19-CV-00603, 2023 U.S. Dist. LEXIS 124300 (D. Nev. July 19, 2023) .............. 14, 15

**Statutes**

28 U.S.C.
§ 1332(a) ......................................................................................................... 13
§ 2201 ....................................................................................................... 11, 12

**Rules**

Fed. R. Civ. P.
R. 12(b)(1) ................................................................................................... *passim*
R. 12(b)(6) ................................................................................................... *passim*
R. 12(h)(3) ..................................................................................................... 14

**Other Authorities**

INTERNAL REVENUE SERVICE, LIMITED LIABILITY COMPANY (LLC),
https://www.irs.gov/businesses/small-businesses-self-employed/limited-
liability-company-llc# (last updated Jan. 25, 2023) ................................................ 15

U.S. Constitution, Article III, § 2 ............................................................................ 13

## I.       MOTION TO DISMISS

COMES NOW, Defendant RYAN GARCIA, by and through his counsel of record, and hereby submits this Motion to Dismiss the Complaint filed against him in this case by Plaintiff Golden Boy Promotions, LLC, pursuant to Rules 12(b)(1) and 12(b)(6).

This Motion is made and based upon the Memorandum of Points and Authorities in support hereof, the Request for Judicial Notice in support hereof filed and served concurrently herewith, the pleadings, records, and files in this action, those matters of which this Court may take judicial notice, and on such further evidence and argument as may be presented prior to, or at the time of, any hearing concerning this Motion, which the Court may deem just and necessary.


 DATED: August 21, 2023                          CAMPBELL & WILLIAMS


                                                 By:    */s/ J. Colby Williams*
                                                        J. Colby Williams

                                                 *Attorneys for Defendant,*
                                                 RYAN GARCIA

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## II.    MEMORANDUM OF POINTS AND AUTHORITIES

### A.    INTRODUCTION

Oscar De La Hoya is not your typical promoter.  Rather than promote his star boxer, he rushed to Court and filed a public lawsuit through his promotions company, Plaintiff Golden Boy Promotions, LLC ("Golden Boy"), in complete disregard of the plain letter of the applicable contract.  Rather than stand by their boxer, De La Hoya and his co-owners of Golden Boy took to social media to disparage him.  In a sport where the exploitation of boxers is legend, De La Hoya and Golden Boy have written a new chapter.  But that is a story for another day.  The task before the Court is to evaluate the Complaint before it.  The Complaint fails for at least three reasons, each of which necessitates dismissal with prejudice.

***First***, the subject matter of the Complaint is not ripe for adjudication by this Court because Plaintiff failed to comply with a contractual pre-suit mediation requirement.  Specifically, the contract that Plaintiff asks the Court to opine on (the "Agreement"), unequivocally and explicitly provides that ███████████████████████████████████████████████ ████████████████████████████████████████████████████ ███████████████████████████████████████████ in court.  (*See* Section 13(a) of the Agreement, attached as Exhibit "A" to the Declaration of James M. Pearl filed herewith ("Pearl Decl.").).)[1]  Because Plaintiff, unlike Ryan Garcia, disregarded this unambiguous contractual provision, and did not seek to mediate any issues pertaining to the underlying Agreement before rushing to file a public lawsuit, Plaintiff's Complaint is not properly before this Court.  On point case law requires dismissal when a pre-condition to filing is not met.

***Second***, Plaintiff's Complaint is, at best, premature, as there is currently no actual case or controversy that could warrant declaratory relief under the Declaratory Judgment Act.  Plaintiff

---

[1] Although Plaintiff quotes and repeatedly references the Agreement in the Complaint, Plaintiff did not append the Agreement to its Complaint.  Herewith, Ryan Garcia files a true and correct copy of the Agreement (*see* Pearl Decl. Ex. A) which the Court may consider under the incorporation by reference doctrine.  *See Couturier v. Am. Invsco Corp.*, 10 F. Supp. 3d 1143, 1148 (D. Nev. 2014) ("On a motion to dismiss under Rule 12(b)(6), courts ordinarily consider documents incorporated into the complaint by reference and matters of which a court may take judicial notice."); *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (same).

1   seeks a declaration that Ryan Garcia must honor his contract, but Ryan Garcia has abided by, and

2   continues to abide by that contract, and Plaintiff does not (because it cannot) allege anything to the

3   contrary.  Under black letter law, declaratory relief is wholly inappropriate in these circumstances.

4   *See Theme Promotions v. News Am. Mktg. FSI*, 546 F.3d 991, 1010 (9th Cir. 2008) (citing 28 U.S.C.

5   § 2201(a)).  Plaintiff's claim is also not viable because declaratory relief is a remedy, not an

6   independent cause of action.  *See, e.g.*, *Leigh-Pink v. Rio Props., LLC*, 849 F. App'x 629, 630 (9th

7   Cir. 2021).

8       ***Third,*** this Court lacks subject matter jurisdiction to hear this case.  Plaintiff alleges that the

9   Court has subject matter jurisdiction as a result of diversity, but Plaintiff has failed to meet its

10  pleading burden to establish that basis.  As Plaintiff is a limited liability company ("LLC"), Plaintiff

11  is a citizen of every state of citizenship of its members; accordingly, Plaintiff is required to plead

12  the identities and citizenship of *all* its members.  *See Segundo Suenos, LLC v. Jones*, 494 F. App'x

13  732, 735-36 (9th Cir. 2012).  Plaintiff failed to do so here, conspicuously omitting to identify at

14  least two individual members—owners Oscar De la Hoya and Bernard Hopkins (*see* Compl. ¶ 1)—

15  who are citizens of California, like Ryan Garcia, as well as an entity member—Golden Boy Boxing

16  Holdings, LLC—which is also a citizen of California.  (*See* Request for Judicial Notice filed

17  herewith ("RJN") Exs. B, C.)  Regardless as to whether this omission was gamesmanship or

18  inadvertent, Plaintiff must plead the citizenship of all its members, and in so doing, will reveal that

19  this Court does not have subject matter jurisdiction over this claim based on diversity.

20      For at least these three reasons, the Court should dismiss Plaintiff's Complaint against Ryan

21  Garcia with prejudice.

22      **B.      BRIEF STATEMENT OF FACTS**

23      Defendant Ryan Garcia, a/k/a King Ryan, is a lifelong resident of California, and one of the

24  most popular and promising professional athletes in the sport of boxing today.  (*See* Compl. ¶¶ 1,

25  4.)  After dominating the amateur boxing circuit as a youth, becoming a 15-time national champion,

26  Ryan Garcia turned professional.  Shortly thereafter, when he was just 18 years old, Ryan Garcia

27  entrusted his career to a fellow Mexican-American California resident, and former professional

28  boxing champion-turned-boxing promoter, Oscar De La Hoya, and agreed to sign a five-year

1    exclusive promotional agreement with Oscar De La Hoya's company, which is the Plaintiff in this

2    litigation. (*See* Pearl Decl. Ex. B at 1; *see also* Compl. ¶ 1 (identifying De La Hoya as one of

3    Plaintiff's owners).) Approximately three years later, on September 18, 2019, Plaintiff and Ryan

4    Garcia executed an extended and revised Agreement in California, which bound him to an

5    additional five years of exclusivity with Plaintiff. (*See* Pearl Decl. Ex. A at 2, 14)

6        Plaintiff is an LLC, organized under the laws of Delaware, which is owned by Oscar De La

7    Hoya and Bernard Hopkins. (Compl. ¶¶ 1, 3; RJN Exs. B, D; *See also* First Am. Compl., *Golden*

8    *Boy Promotions, LLC v. Haymon*, No. 15-CV-03378 (C.D. Cal. Aug. 10, 2015), ECF No. 56

9    ("Along with De La Hoya, Hopkins owns an equity interest in an LLC that has the equity interest

10   in another LLC that, in turn has the equity interest in Golden Boy Promotions, LLC. Hopkins is

11   also a resident of Los Angeles County, California."). Plaintiff is a boxing promoter, who owns and

12   operates the website, www.goldenboypromotions.com, wherein Plaintiff represents that its

13   principle address is 626 Wilshire Boulevard, Suite 350, Los Angeles, CA 90017. (*See* Compl. ¶ 3;

14   RJN, Ex. E at 1, Ex. F at 1.) Plaintiff is registered to do business in California, and has been since

15   approximately one week after its formation in Delaware in 2008. (*See* Compl. ¶ 3; RJN, Ex. A at

16   1, Ex. D at 1.) Plaintiff has also self-identified in federal court filings as a "California limited

17   liability company with its principal office in Los Angeles County, California." *See, e.g.*, Compl.,

18   *Golden Boy Promotions, LLC v. Haymon*, No. 15-CV-03378 (C.D. Cal. Aug. 5, 2015), ECF No. 1.

19       Throughout their contractual relationship, Ryan Garcia has fulfilled each and every

20   obligation required of him under the Agreement and, in the process, generated Golden Boy

21   significant revenue. Ryan Garcia has not breached this Agreement, but believes, in good faith, that

22   Plaintiff has done so. Accordingly, on June 9, 2023, Ryan Garcia sent Plaintiff a formal letter

23   informing Plaintiff that it had breached the Agreement, including with respect to failing to fulfill

24   its payment obligations to Ryan Garcia, not honoring broadcasting commitments made to Ryan

25   Garcia, and violating a non-disparagement provision (the "June 9th Letter"). (*See* Pearl Decl. Ex.

26   C.)[2] Consistent with Section 13 of the Agreement, Ryan Garcia's June 9th Letter demanded that

27

28   [2] The June 9th Letter is incorporated by reference into the Complaint, including through
     Plaintiff's allegations (Compl. ¶¶ 16-17) that statements made in this letter "forced" Plaintiffs to
     bring this lawsuit. *See Clifford v. GEICO Cas. Co.*, 428 F. Supp. 3d 317, 322 (D. Nev. 2019)

the parties begin a mediation process in Los Angeles, California, should Plaintiff fail to cure the identified breaches within a reasonable amount of time.  (*See id*. at 9)  Section 13 of the Agreement provides in relevant part:



(Pearl Decl. Ex. A at § 13(a).)

Plaintiff did not agree to cure the breaches identified in June 9th Letter, and did not agree to or participate in any mediation proceedings.  Rather, on June 16, 2023, Plaintiff rushed to Court and publicly filed the instant lawsuit, which contains numerous incomplete and misleading allegations, including:

- Plaintiff alleges that it has members in Nevada and Maryland (Compl. ¶ 3), but negates to mention its many previously conceded connections to California, including through its owners (*id*. ¶ 1), who by law must be members (*see, e.g.*, *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (indicating owners and members of an LLC are equivalent));

- Plaintiff alleges that it has a right to bring the case in this Court based on the Agreement, but neglects to attach the Agreement and conspicuously omits any reference to the mandatory pre-suit mediation clause set forth therein (*see* Pearl Decl. Ex. A at § 13(a) ███ ████████████████████████████████████████████████████ ████████████████████████████████████ (emphasis added)); and

---

("Incorporation by reference is appropriate where a plaintiff extensively refers to the extrinsic document or if the document forms the basis of the plaintiff's claim.") (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).

- Plaintiff selectively quotes portions of Section 13(b) of the Agreement to ostensibly support its right to pursue equitable relief, but Plaintiff elides the language from Section 13(b), which it did not comply with, namely language requiring Plaintiff to first engage in a good faith attempt with Ryan Garcia to resolve any issues that would be the subject of the contemplated action, and then cooperate with Ryan Garcia in efforts to resolve the dispute in good faith. (*See* Pearl Decl. Ex. A at § 13(b) ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.)

## C.   RELEVANT LEGAL STANDARD ON MOTIONS TO DISMISS

### 1.   FEDERAL RULE OF CIVIL PROCEDURE ("RULE") 12(B)(6)

Rule 12(b)(6) permits dismissal of a complaint when it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While the Court must construe allegations in the complaint in the light most favorable to Plaintiff, it need not accept as true conclusory legal allegations cast in the form of factual allegations, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. Dismissal is appropriate under Rule 12(b)(6) where, even taking the factual allegations as true, it would be "unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

While district courts are generally constrained to the four corners of a complaint when evaluating a Rule 12(b)(6) motion, there are two exceptions: the incorporation by reference doctrine and judicial notice. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

1

### 2.    RULE 12(B)(1)

2    Rule 12(b)(1) authorizes dismissal of a complaint where subject matter jurisdiction is

3    lacking.  Fed. R. Civ. P. 12(b)(1).  "Rule 12(b)(1) jurisdictional attacks can be either facial or

4    factual."  *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).  With respect to a "facial" attack,

5    "[d]ismissal for lack of subject matter jurisdiction is appropriate if the complaint, considered in its

6    entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction."  *In re*

7    *DRAM Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir. 2008).  As regards a "factual" attack, the

8    court "may 'hear evidence regarding jurisdiction' and 'resolv[e] factual disputes where necessary.'"

9    *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009) (quoting *Augustine v. United States*,

10   704 F.2d 1074, 1077 (9th Cir. 1983)).  When a Rule 12(b)(1) challenge is made, "no presumptive

11   truthfulness attaches to plaintiff's allegations" and the plaintiff has the burden of establishing

12   subject matter jurisdiction.  *Id*. (citations and internal quotation marks omitted).

13   **D.    PLAINTIFF'S FAILURE TO COMPLY WITH THE AGREEMENT'S PRE-**

14   **SUIT MEDIATION REQUIREMENT NECESSITATES DISMISSAL**

15   **UNDER RULE 12(B)(6)**

16   Plaintiff's rush to publicly file a Complaint against Ryan Garcia without due regard for the

17   pre-suit mediation requirement of the contract upon which Plaintiff sues (*see* Pearl Decl. Ex. A at

18   § 13(a)) necessitates dismissal under Rule 12(b)(6).  *See Roybal v. Bachman*, No. 2:21-CV-1931

19   JCM, 2022 WL 2307075, at *1 (D. Nev. June 27, 2022) ("Failure to mediate a dispute pursuant to

20   a contract that makes mediation a condition precedent to filing a lawsuit warrants dismissal.")

21   (citation omitted); *Franke v. Yates*, No. 19-cv-00007, 2019 WL4856002, at *5 (D. Haw. Oct. 1,

22   2019) (finding a "consensus among district courts" that a motion to dismiss for "[f]ailure to mediate

23   a dispute pursuant to a contract that makes mediation a condition precedent to filing a lawsuit,"

24   should be treated as a motion to dismiss pursuant to Rule 12(b)(6)) (citing cases).  Indeed, dismissal

25   is mandatory here because Plaintiff's failure to satisfy a contracted-for condition precedent to

26   litigation renders its lawsuit "premature."  *See, e.g.*, *Delamater v. Anytime Fitness, Inc.*, 722 F.

27   Supp. 2d 1168, 1181 (E.D. Cal. 2010); *accord Centaur Corp. v. ON Semiconductor Components*

28   *Indus., LLC*, No. 09 CV 2041 JM BLM, 2010 WL 444715, at *4 (S.D. Cal. Feb. 2, 2010) ("As

1   mediation is a condition precedent to litigation between the parties, the current lawsuit is

2   premature"). As it would be "unfair to require [Ryan Garcia] to be subjected to the expense of

3   discovery and continued litigation" under these circumstances, the Complaint should be dismissed.

4   *See Starr*, 652 F.3d at 1216.

5   1.   **SATISFACTION OF THE MEDIATION REQUIREMENT OF THE**

6   **AGREEMENT IS A CONDITION PRECEDENT TO LITIGATION**

7   The mediation requirement in Section 13(a) of the Agreement is a condition precedent to

8   litigation under Nevada law. Because the determination of whether a provision in the Agreement

9   constitutes a condition precedent necessarily involves contract interpretation, the Court must

10  consider the law of the state that governs the contract. *See N.D. v. Haw. Dep't of Educ.*, 600 F.3d

11  1104, 1109 n.3 (9th Cir. 2010). Here, the Agreement provides that it is governed by Nevada law.

12  (*See* Compl. ¶ 9; Pearl Decl. Ex. A at § 13(a).) Accordingly, if the mediation requirement of

13  Section 13(a) qualifies as condition precedent under Nevada law, then Plaintiff's failure to satisfy

14  said condition renders its complaint premature and subject to dismissal. Such is the case.

15  Nevada law mandates that contracts be interpreted "to give effect to the contracting parties'

16  intent." *United States for use and benefit of Agate Steel, Inc. v. Jaynes Corp.*, No. 2:13-CV-01907-

17  APG-NJK, 2016 WL 8732302, at *2 (D. Nev. June 17, 2016) (citing *Am. First Fed. Credit Union*

18  *v. Soro*, 359 P.3d 105, 106 (Nev. 2015)). When a contract's language is clear and unambiguous,

19  meaning not subject to more than one reasonable interpretation, it should be enforced as written.

20  *Id*. A contract is ambiguous only if it is "obscure in meaning, through indefiniteness of expression,

21  or having a double meaning." *Id.* (citing *Galardi v. Naples Polaris, LLC*, 301 P.3d 364, 366 (Nev.

22  2013)). Nevada law also instructs that, "[a] court should not interpret a contract so as to make

23  meaningless its provisions." *PDM Strocal, Inc. v. Fireman's Fund Ins. Co.*, 73 F. App'x 915, 916

24  (9th Cir. 2003) (quoting *Musser v. Bank of Am.*, 964 P.2d 51, 52 (Nev. 1998)).

25  In *MB America, Inc. v. Alaska Pacific Leasing Co.*, 367 P.3d 1286, 1287 (Nev. 2016), the

26  Nevada Supreme Court considered whether a mediation provision in a contract constituted a

27  condition precedent to litigation. The mediation provision read, in relevant part, "*If mediation*

28  *between the parties does not result in a mutual satisfying settlement . . . then each party will have*

the right to enforce the obligations of this Agreement in the court of law in Reno, Nevada." *Id.* at 1289 (emphasis added).  Applying Nevada's contract interpretation principles, and giving the terms their "usual and ordinary signification," the Nevada Supreme Court held that the language of the mediation provision meant that mediation constituted a condition precedent to litigation.  *See id*.

The result should be no different in this case, where the mediation provision in Section 13(a) likewise contains unambiguous conditional language that shows the parties to the Agreement intended mediation as a prerequisite to filing a lawsuit.  (*See* Pearl Decl. Ex. A at § 13(a) ███ ███ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████ (emphasis added).)  In fact, the ███ ██████ conditional language of Section 13(a) is nearly identical to the conditional language in a mediation clause determined to be a condition precedent to a lawsuit in another case that the Nevada Supreme Court relied on in reaching its determination in *MB America*.  *See MB America, Inc.*, 367 P.3d at 1288 (citing and discussing *Tattoo Art, Inc. v. TAT Int'l, LLC*, 711 F. Supp. 2d 645 (E.D. Va. 2010)); *Tattoo Art, Inc.*, 711 F. Supp. 2d at 649-50 (dismissing a complaint for failure to comply with a pre-suit mediation requirement set forth in a contractual clause, which, as here, read, in pertinent part, "*In the event that . . . mediation is unsuccessful*, Licensee consents and agrees to in personam jurisdiction and venue in . . . [United States District Court]") (emphasis added).

It would be inconsistent with Nevada law to find mediation was not a condition precedent to this litigation, because doing so would render the language of Section 13(a) meaningless.  *See Musser*, 964 P.2d at 54.  Section 13(a) specifies that ███ █████████████████████████ █████████████████████████████████████████████████ (Pearl Decl. Ex. A at § 13(a) (emphasis added).)  Its final sentence further specifies that ████████████████████████ ████████████████████████████████████████████████████████████████████████ ██████████████     In light of this unambiguous  language, it simply does not follow that Plaintiff could file suit in a court without first mediating the dispute; a contrary holding would render Section 13(a) meaningless, and be utterly irreconcilable with Nevada's basic rules of contract interpretation.  *See also Bielar v. Washoe Health Sys., Inc.*, 306 P.3d 360, 364 (Nev. 2013)

1   ("A basic rule of contract interpretation is that every word must be given effect if at all possible.")

2   (citation and quotation marks omitted).

3       Therefore, the pre-suit mediation requirement of Section 13(a) constitutes a pre-suit

4   condition precedent, and Plaintiff's failure to comply therewith, and consequent inability to allege

5   compliance therewith, necessitates dismissal under Rule 12(b)(6).

6                     **2.   <u>PLAINTIFF IS NOT EXCUSED FROM COMPLYING WITH</u>**

7                              **<u>SECTION 13(A)</u>**

8       Plaintiff cannot contend it was excused from having to comply with Section 13(a)'s

9   mediation provision prior to filing its lawsuit.  First, Plaintiff pleads no factual allegations in the

10  Complaint that might support such a conclusion.  While Plaintiff nakedly alleges that Ryan Garcia

11  has "now taken the position that the Agreement is invalid and unenforceable," (Compl. ¶ 16), and

12  appears to assert that it was thus forced to file this lawsuit (*id*. ¶ 17), these conclusory assertions

13  are untrue and, in any event, do not excuse Plaintiff from complying with its obligation under the

14  Agreement to submit contractual disputes to mediation *prior* to filing a public lawsuit.  The Nevada

15  Supreme Court's opinion in *MB America* is instructive here as well.  In that case, a distributor

16  claimed that a contract with its seller was invalid and non-binding, and the seller responded with a

17  lawsuit, rather than first attempting to mediate, as required by the parties' agreement.  *MB America,*

18  *Inc.*, 367 P.3d at 1291.  The court rejected the seller's purported justification, that it did not have to

19  comply with the mediation provision because the distributor's actions revealed that mediation

20  would be futile, and dismissed the complaint because the unambiguous language of the contract

21  showed pre-suit mediation was a condition precedent to litigation.  *Id*. at 1292-93.  Like the seller

22  in *MB America*, Plaintiff is bound by its Agreement to make a good faith effort to resolve related

23  disputes through mediation prior to filing claims in court, and any perception that Plaintiff may

24  have that such mediation would be futile does not excuse Plaintiff from complying with its

25  Agreement.

26      Second, the Agreement does not contain any conflicting provisions that obviate Section

27  13(a)'s requirements.  Nevada law, moreover, requires the Court to "read the contract in a manner

28  that gives effect to *all* provisions without rendering other portions meaningless."  *Stoneridge*

1  *Parkway, LLC v. Silverstone Ranch Cmty. Ass'n, Non-Profit Corp.*, 441 P.3d 547, 2019 WL

2  2302051, at *1 (Nev. 2019) (table) (emphasis added) (citing *Musser*, 964 P.2d at 54).

3  Third, Ryan Garcia has not waived his right to pre-suit mediation. If anything, his June 9th

4  Letter, which is incorporated by reference into the Complaint, demonstrates that Ryan Garcia

5  continues to abide by that provision.

6  Lastly, while it is true that the Agreement contains a section wherein Ryan Garcia agreed

7  that "████████████████████████" are available to Plaintiff to prevent any breach of default

8  (*see* Compl. ¶ 9; Pearl Decl. Ex. A at § 13(b)), this section cannot be read in isolation from

9  Section 13(a), and does not give Plaintiff a free pass to disregard its pre-suit mediation obligation.

10  *See Musser*, 964 P.2d at 54. The plaintiff in *MB America* also sought declaratory relief, as here,

11  but the Nevada Supreme Court still dismissed that complaint because the plaintiff failed to comply

12  with an unambiguous pre-suit mediation provision. *MB America*, 367 P.3d at 1291-92. There is no

13  reason for the result to be different in this case.

14  In sum, because the pre-suit mediation requirement contained within Section 13(a) of the

15  Agreement is a condition precedent to this litigation, and Plaintiff has no legitimate excuse for

16  failing to comply therewith, Plaintiff's Complaint against Ryan Garcia should be dismissed with

17  prejudice pursuant to Rule 12(b)(6).

18  **E.** **PLAINTIFF'S COMPLAINT AGAINST RYAN GARCIA SHOULD BE**

19  **DISMISSED BECAUSE PLAINTIFF HAS NOT PLED A LEGALLY**

20  **COGNIZABLE CLAIM AGAINST RYAN GARCIA**

21  In addition, the Court should dismiss the Complaint against Ryan Garcia because Plaintiff

22  has not pled a legally cognizable claim against Ryan Garcia. "[A] 'claim' for declaratory relief is

23  not a substantive cause of action at all; it is merely a prayer for a remedy." *Pettit v. Fed. Nat'l*

24  *Mortg. Ass'n*, No. 2:11-cv-00149-JAD, 2014 WL 584876, at *4 (D. Nev. Feb. 11, 2014), *aff'd*, 678

25  F. App'x 468 (9th Cir. 2017); *Wells Fargo Bank, N.A. v. SFR Invs. Pool 1, LLC*, No. 2:15-cv-

26  02257-JCM-CWH, 2017 WL 1902158, at *4 (D. Nev. May 9, 2017) ("Declaratory relief is a

27  remedy, not a cause of action.") (citing *Stock West, Inc. v. Confederated Tribes of the Colville Rsrv.*,

28  873 F.2d 1221, 1225 (9th Cir. 1989)). While Plaintiff ostensibly bases its claim against Ryan

1   Garcia under the Declaratory Judgment Act, 28 U.S.C. § 2201, this does not render the claim

2   independently viable; as the Ninth Circuit has instructed, "[t]he Declaratory Judgment Act, 28

3   U.S.C. § 2201, creates only a remedy, not a cause of action." *Leigh-Pink*, 849 F. App'x at 630.

4   Accordingly, because declaratory relief is not a substantive cause of action, Plaintiff's Complaint

5   against Ryan Garcia should be dismissed pursuant to Rule 12(b)(6).  *See id.* (affirming dismissal

6   of so-called declaratory relief claim); *Bank of New York Mellon v. Las Vegas Dev. Grp. LLC*, No

7   2:16-CV-478-JCM-GWF, 2018 WL 7501300, at *2 (D. Nev. July 19, 2019) ("BNYM requests a

8   remedy of declaratory relief, and as this is not a substantive cause of action, the court will dismiss

9   the claims to the extent they purport to create causes of action.").

10   　　　　Plaintiff's Complaint against Ryan Garcia should also be dismissed under Rule 12(b)(1)

11   because there is no current "case or controversy."  *See* 28 U.S.C. § 2201; *Rhoades v. Avon Prods.,*

12   *Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007) ("Absent a true case or controversy, a complaint solely

13   for declaratory relief under 28 U.S.C. § 2201 will fail for lack of jurisdiction under Rule 12(b)(1)");

14   *Fleck & Assoc., Inc. v. Phoenix, City of, an Ariz. Mun. Corp.*, 471 F.3d 1100, 1103-04 (9th Cir.

15   2006) (noting, in a declaratory relief action, that a true "case or controversy" is required to

16   withstand a Rule 12(b)(1) motion for lack of jurisdiction).  To obtain a declaratory judgment, the

17   facts alleged must show, under all circumstances, that there is a "substantial controversy, between

18   parties having adverse legal interests, of sufficient immediacy and reality[.]" *MedImmune, Inc. v.*

19   *Genentech, Inc.*, 549 U.S. 118, 127 (2007).  A court cannot grant declaratory relief where the

20   dispute is hypothetical or the rights at issue are merely speculative.  *See Vignola v. Gilman*, 804 F.

21   Supp. 2d 1072, 1077 (D. Nev. 2011).

22   　　　　In this case, Plaintiff seeks a declaration that "the Agreement is valid and enforceable"

23   under Nevada law (Compl. ¶ 23), but there is no current dispute as to this point.  Ryan Garcia has

24   complied with the Agreement, and continues to comply with the Agreement, and Plaintiff (tellingly)

25   includes no allegations demonstrating otherwise.  While Plaintiff speculatively alleges, "Garcia has

26   now taken the position that the Agreement is invalid and unenforceable," (*id.* ¶ 16), Plaintiff

27   provides no factual support for this position, and cannot do so.  Insofar as Plaintiff bases its lawsuit

28   on Ryan Garcia's June 9th Letter, which outlined breaches of the Agreement and asked Plaintiffs to

DEFENDANT RYAN GARCIA'S MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

comply with the Agreement's directive to cure those breaches or mediate any related disputes, (*see* Pearl Decl. Ex. C at 9), that letter does not create an "actual case or controversy" warranting declaratory relief.  The June 9th Letter did not state that Ryan Garcia would henceforth treat the Agreement as invalid and unenforceable under Nevada law.  And since the parties have not yet mediated any disputes, Plaintiff's declaratory judgment action must be dismissed because it is improperly based on sheer speculation as to Ryan Garcia's possible future positions.[3]  *See Hunt v. State Farm Mut. Auto. Ins. Co.,* 655 F. Supp. 284, 286 (D. Nev. 1987) ("The Court cannot grant declaratory relief if the asserted controversy involves only future or speculative rights.").

Hence, Plaintiff's declaratory judgment action should be dismissed pursuant to Rule 12(b)(6) or 12(b)(1) because Plaintiff cannot plead a legally cognizable claim for declaratory relief.

## F.   THE COMPLAINT  SHOULD BE DISMISSED PURSUANT TO 12(B)(1) BECAUSE PLAINTIFF HAS NOT MET ITS BURDEN TO ESTABLISH COMPLETE DIVERSITY

The Court should also dismiss the Complaint because Plaintiff has not met its burden to demonstrate that this Court has subject matter jurisdiction based on complete diversity.  Federal courts are courts of limited jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Id.* (internal citations omitted).  Article III, § 2 of the Constitution and the federal diversity statute, 28 U.S.C. § 1332(a), give federal district courts jurisdiction over cases between "citizens of different States," and over cases between "citizens of a State and citizens or subjects of a foreign state." *See* 28 U.S.C. § 1332(a); *Lee v. Am. Nat'l Ins. Co.*, 260 F.3d 997, 1004 n.6 (9th Cir. 2001).  In a case premised on diversity, as Plaintiff pleads here (Compl. ¶ 7), there must be complete diversity, where all plaintiffs

---

[3] Should Plaintiff argue that its declaratory judgment action is ripe because the June 9th Letter opines that the Agreement will be void and unenforceable come November 1, 2023, seven years after Ryan Garcia entered his exclusive personal service contract with Golden Boy, (*see* Pearl Decl. Ex. C at 6-7 (citing Cal. Labor Code § 2855(a)), Plaintiff would again err; this is no more than a pre-litigation position related to uncertain future events.  *See Brantigan v. Depuy Spine, Inc.*, No. C08-0177RSL, 2008 WL 4528200, at *4 (W.D. Wash. Oct. 3, 2008); *see also Vignola*, 804 F. Supp. at 1077.

1   must have citizenship that is different than all defendants. *See Caterpillar Inc. v. Lewis*, 519 U.S.

2   61, 68 (1996).

3       An LLC is a citizen of each state where its owners/members are citizens. *See Johnson*, 437

4   F.3d at 899. "[P]ursuant to Ninth Circuit law, if one of the members/owners of an LLC shares the

5   same citizenship with the members of any adverse party… diversity does not exist." *Zap's Elec.,*

6   *LLC v. Monarch Constr., LLC*, No. 3:19-CV-00603, 2023 U.S. Dist. LEXIS 124300, at *3 (D. Nev.

7   July 19, 2023). Ultimately, "[i]f the Court determines at any time that it lacks subject-matter

8   jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also* Fed. R. Civ. P.

9   12(b)(1).[4]

10      To determine the citizenship of an LLC, such as Plaintiff, the LLC itself must "list or

11  provide the names of its members/owners" and provide information about their state of citizenship.

12  *Zap's Elec.*, 2023 U.S. Dist. LEXIS 124300, at *2 (holding that allegation that LLC's members

13  were citizens of Rhode Island was inadequate because the LLC did not provide additional

14  information about the members/owners of the LLC, nor provide any information about their state(s)

15  of citizenship); *see also Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 536

16  (5th Cir. 2017) ("A party seeking to establish diversity jurisdiction must *specifically allege* the

17  citizenship of *every member* of every LLC or partnership involved.") (emphasis added); *Rolling*

18  *Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) ("To

19  sufficiently allege the citizenships of these unincorporated business entities, a party must *list* the

20  citizenships of *all* the members of the limited liability company.") (emphasis added). Therefore,

21  "what is required in the present Complaint is an affirmative allegation of the **citizenship of each**

22  **member** of the Plaintiff limited liability company." *Ace Ventures, L.L.C. v. LQK, L.L.C.,* No. 06-

23  2346-PHX-PGR, 2006 WL 2882481, at *1 (D. Ariz. Oct. 4, 2006) (emphasis in original). "When

24  a member of an LLC is itself an LLC, the jurisdictional analysis requires identification of the

25  citizenship of each 'sub-member' as well." *eTouch LV, LLC v. eTouch Menu, Inc*., No. 2:18-CV-

26  2066 JCM, 2018 U.S. Dist. LEXIS 193970, at *1 (D. Nev. Nov. 14, 2018).

27

28  _____
[4] A party cannot waive the defense of lack of subject matter jurisdiction, and a party cannot be estopped from raising it. *See, e.g.*, *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).

1    The Complaint fails to adequately plead that this Court has subject matter jurisdiction to

2    hear this case because Plaintiff has not complied with its pleading obligations with respect to

3    identification of LLC members.  Plaintiff alleges that its members are "citizens of the states of

4    Nevada and Maryland."  (Compl. ¶ 3.)  However, this vague and conclusory statement, without

5    more (*i.e.*, specific identification of those members and confirmation that there are no other

6    members), is insufficient.  *See Zap's Elec.,* 2023 U.S. Dist. LEXIS 124300, at *3.  Accordingly,

7    the Court may dismiss the Complaint pursuant to Rule 12(b)(1) without prejudice to Plaintiff

8    amending to meet this basic pleading obligation.

9    Even if the Court were to permit Plaintiff leave to amend its Complaint to address its

10   pleading deficiencies with respect to diversity, it is unlikely that Plaintiff could do so, as this would

11   reveal there is no complete diversity here.  First, because Oscar De La Hoya and Bernard Hopkins

12   are owners of Plaintiff (Compl. ¶ 1), they are also necessarily members of Plaintiff.  *See Johnson*,

13   437 F.3d at 899 (indicating owners and members of an LLC are equivalent); *Gardner v. Eighth Jud.*

14   *Dist. Ct. (Henderson Water Park, LLC)*, 405 P.3d 651, 654 (Nev. 2017) ("The persons who own

15   an LLC are its 'members.'"); INTERNAL REVENUE SERVICE, LIMITED LIABILITY COMPANY (LLC),

16   https://www.irs.gov/businesses/small-businesses-self-employed/limited-liability-company-llc#

17   (last updated Jan. 25, 2023) ("Owners of an LLC are called members.").  And since Oscar De La

18   Hoya and Bernard Hopkins are citizens of California, like Ryan Garcia, diversity does not exist,

19   and this Court cannot have subject matter jurisdiction over this (improperly brought) declaratory

20   judgment action.  *See* First Am. Compl., *Golden Boy Promotions, LLC v. Haymon*, (indicating that

21   Plaintiff self-identified as a "California limited liability company with its principal office in

22   Los Angeles County, California" and further alleged that Bernard Hopkins is "a co-owner of

23   Golden Boy and a resident of Los Angeles County, California").  Second, Plaintiff has filed a

24   Statement of Information with the California Secretary of State, which identifies Golden Boy

25   Boxing Holdings, LLC, as one of its members. (*See* RJN, Ex. B.)  Because Oscar De La Hoya and

26   Bernard Hopkins are members of Golden Boy Boxing Holdings LLC (*see id.*; *see also* First Am.

27   Compl. *Golden Boy Promotions, LLC v. Haymon* ("Along with De La Hoya, Hopkins owns an

28   equity interest in an LLC that has the equity interest in another LLC that, in turn has the equity

interest in Golden Boy Promotions, LLC.")), this too destroys complete diversity, and precludes the Court from having subject matter jurisdiction for this case.  *See eTouch LV, LLC*, 2018 U.S. Dist. LEXIS 193970, at *1; *see also* RJN, Ex. C.

Therefore, because Plaintiff has failed to meet its pleading burden to identify all of its members (and sub-members), and doing so would reveal an absence of complete diversity, the Court should dismiss Plaintiff's Complaint with prejudice pursuant to Rule 12(b)(1).  *See Kokkonen,* 511 U.S. at 377; *Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009) (explaining that a district court may deny leave to amend where the amendment would be futile).

**G.**     **CONCLUSION**

For the foregoing reasons, Ryan Garcia respectfully requests that the Court dismiss the Complaint against him with prejudice.

DATED: August 21, 2023                        CAMPBELL & WILLIAMS

                                              By:_____*/s/ J. Colby Williams*_____
                                                    J. COLBY WILLIAMS

                                              *Attorneys for Defendant,*
                                              Ryan Garcia

1

### **CERTIFICATE OF SERVICE**

2          I hereby certify under penalty of perjury that on August 21, 2023, I authorized the

3    electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which

4    will send notification of such filing to all parties on the e-service list.

5

6                                    By:_____ */s/ J. Colby Williams*_____
                                              J. COLBY WILLIAMS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28