**KENNEDY & COUVILLIER PLLC**
Todd E. Kennedy, Bar #6014
tkennedy@kclawnv.com
3271 E. Warm Springs Rd.
Las Vegas, NV 89120
Telephone: 702.605.3440
Fax: 702.625.6367

**GREENBERG GLUSKER FIELDS CLAMAN & MACHTINGER LLP**
Ricardo P. Cestero
RCestero@ggfirm.com
Vishwanath Mohan
VMohan@ggfirm.com
2049 Century Park East, Suite 2600
Los Angeles, California  90067
Telephone:    310-553-3610
Facsimile:    310-553-0687

Attorneys for Plaintiff Golden Boy Promotions, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GOLDEN BOY PROMOTIONS, LLC, a Delaware limited liability company,,<br><br>Plaintiff,<br><br>v.<br><br>RYAN GARCIA, an individual, GUADALUPE VALENCIA, an individual and DOES 1 through 25, inclusive,<br><br>Defendants . | Case No. 2:23-cv-00942-APG-VCF<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>**(1)  BREACH OF CONTRACT;**<br>**(2)  DECLARATORY RELIEF PURSUANT TO THE DECLARATORY JUDGMENT ACT, 28 U.S.C. §§ 2201 et seq.; and**<br>**(3)  INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**<br><br>DEMAND FOR JURY TRIAL |

17896-00641/4927795.1

FIRST AMENDED COMPLAINT

Plaintiff GOLDEN BOY PROMOTIONS, LLC ("Golden Boy") alleges against Defendants RYAN GARCIA ("Garcia") and GUADALUPE VALENCIA ("Valencia") as follows:

## INTRODUCTION

1. By this lawsuit, Golden Boy seeks to protect its valuable promotional rights in professional boxer, Garcia. Golden Boy, one of the most successful boxing promotional companies in the world owned by legendary boxers Oscar De La Hoya and Bernard Hopkins, has a valid and enforceable promotional agreement with Garcia (the "Agreement"). The Agreement gives Golden Boy sole and exclusive right to promote Garcia's boxing matches, including to find opponents, negotiate deals, and arrange the bouts. The Agreement forbids Garcia and his agents, such as Valencia, from engaging in any boxing matches, as well as from negotiating and contracting for any fights, other than those promoted by Golden Boy under the Agreement. The Agreement also provides that Garcia shall not withhold his approval for certain opponents and bouts proposed by Golden Boy. Pursuant to those rights, throughout the parties' multi-year relationship, Golden Boy has fulfilled all of its contractual obligations and helped to build Garcia into one of the most recognizable and sought-after boxers in the world. In short, Garcia's career has flourished under Golden Boy's direction.

2. Unfortunately, Garcia's advisors have apparently convinced him that he does not need Golden Boy anymore. One of those advisors, Valencia, has, for the last year or more induced Garcia to engage in and to allow and authorize Valencia to engage in acts that are exclusively reserved for Golden Boy under the Agreement. For instance, Valencia has directly interfered with Golden Boy's ability to communicate with Garcia and to negotiate the best deals and fights for Garcia. In fact, Valencia, in direct violation of the Agreement, has engaged in negotiations with other promoters and boxers for Garcia's fights. Valencia has done so despite explicitly knowing of the Agreement and its terms and has orchestrated an effort to drive a wedge between Garcia and Golden Boy by inducing his breach of the Agreement. Indeed, Golden Boy is informed and believes that

GREENBERG GLUSKER
FIELDS CLAMAN &
MACHTINGER LLP
Attorneys at Law
Los Angeles

17896-00641/4927795.1

- 2 -

FIRST AMENDED COMPLAINT

1   Garcia has violated his contractual obligations based on Valencia's direction.

2   　　　3.　　Golden Boy has attempted to resolve this matter informally but has been
3   rebuffed.  Instead, Garcia threatened Golden Boy with baseless claims and explicitly took
4   the absurd position that the Agreement is void and unenforceable.  In response to this
5   lawsuit, Garcia now takes the position that he does not dispute the Agreement's present
6   validity and enforceability and that, pursuant to that Agreement, Golden Boy should have
7   first mediated their dispute before coming to the Court.  However, as set forth in more
8   detail below, Garcia's actions leading up to this lawsuit made clear that he does not
9   consider himself bound by the terms of the parties' agreement and he is unwilling to
10  engage directly with Golden Boy in any discussion of the resolution of these issues.
11  Accordingly, Golden Boy remains entitled to judicial relief based on Garcia's and
12  Valencia's conduct.

## THE PARTIES

14  　　　4.　　Plaintiff Golden Boy is a Delaware limited liability company.  As of the
15  date of filing, Golden Boy's ultimate individual members are Oscar De La Hoya and
16  Bernard Hopkins.  They are citizens of the states of Nevada and Maryland, respectively.
17  Golden Boy is a boxing promoter licensed in various States, including California and
18  Nevada.

19  　　　5.　　Defendant Garcia is a professional boxer who, as Golden Boy is informed
20  and believes, resides in Porter Ranch, California and is a citizen of California.

21  　　　6.　　Defendant Valencia is an attorney licensed in California and is currently
22  Garcia's business adviser.  Golden Boy is informed and believes that Valencia resides in
23  San Diego, California and is a citizen of California.

## JURISDICTION & VENUE

25  　　　7.　　The Court has subject matter jurisdiction over this action under 28 U.S.C. §
26  1332(a) because the amount in controversy exceeds $75,000, exclusive of interest and
27  costs, and Plaintiff and Defendants are citizens of different States.  Specifically, Golden
28  Boy, through its members, is a citizen of Nevada and Maryland, whereas Garcia and

GREENBERG GLUSKER
FIELDS CLAMAN &
MACHTINGER LLP
Attorneys at Law
Los Angeles

17896-00641/4927795.1

- 3 -

FIRST AMENDED COMPLAINT

Valencia are both citizens of California.

8. Venue is proper because, per the Agreement's forum selection clause, Golden Boy and Garcia have consented to personal jurisdiction and venue in Nevada state and federal courts. *See Docksider, Ltd. v. Sea Tech., Ltd.*, 875 F.2d 762, 763–64 (9th Cir. 1989); *see also Guzman v. MGK Mech. Servs., Inc.*, No. 209CV00467RLHGWF, 2009 WL 10693636, at *1–*3 (D. Nev. June 29, 2009). Valencia is also subject to the Agreement's forum selection clause because, as detailed herein, his conduct as Garcia's agent that is at-issue is "closely related to the" Agreement. *AMA Multimedia, LLC v. Sagan Ltd.*, 807 F. App'x 677, 679 (9th Cir. 2020); *see also First Choice Bus. Brokers, Inc. v. Ken Dobbs Moneyline, Inc.*, No. 2:08-CV-01487RLHRJJ, 2009 WL 1652185, at *5 (D. Nev. June 9, 2009).

## FACTS COMMON TO ALL CAUSES OF ACTION

9. As of September 18, 2019, Golden Boy and Garcia executed the Agreement. Relevantly, the Agreement provides that:

    i. The "Term" commences on the date of Garcia's first bout, which was scheduled for, and took place on, November 2, 2019.

    ii. Garcia "grants to" Golden Boy "the **sole and exclusive right** to promote all professional boxing matches in which [Garcia] participates during the Term[.]" (Emphasis added.)

    iii. "Boxer agrees that during the Term: (a) Boxer shall not engage in any boxing match other than as set forth herein; and (b) neither Boxer nor anyone acting on Boxer's behalf shall negotiate for nor contract for Boxer to engage in any boxing match other than as set forth herein."

    iv. Golden Boy "shall provide Boxer . . . potential opponent names and Boxer shall select an opponent from . . . the . . . names for every Bout herein."

    v. "Boxer shall not withhold his approval for any opponent proposed by Promoter[.]"

    vi. "In the event that Boxer rejects all . . . potential opponents proposed

GREENBERG GLUSKER
FIELDS CLAMAN &
MACHTINGER LLP
Attorneys at Law
Los Angeles

17896-00641/4927795.1

- 4 -

FIRST AMENDED COMPLAINT

by Promoter for any Bout, then Promoter may terminate this Agreement[.]"

vii. "Promoter shall be the exclusive owner of all rights in and to the Bouts, in all media throughout the world in perpetuity, and Boxer's grant of rights hereunder includes, without limitation, all rights required to arrange, stage and sell tickets of admission to the Bouts; all exclusive worldwide rights to broadcast, telecast, digitally stream, record, film and transmit electronically and digitally such Bouts for exhibition in all media; all merchandising and other ancillary and subsidiary rights therein; the unrestricted worldwide right to use, reproduce and display Boxer's name, voice, likeness and/or biography in connection with the advertising, promotion and exploitation of all such Bouts and any related activities (and all rights therein and/or footage thereof) and Boxer's career and Promoter's business and activities and as otherwise determined by Promoter in Promoter's sole discretion."

viii. Garcia agrees to "injunctive and other equitable relief to prevent any breach or default by Boxer" because he "acknowledges and agrees that his services . . . are of a special, unique, unusual and extraordinary character giving them peculiar value, the loss of which cannot be reasonably or adequately compensated by damages in an action at law and could cause Promoter irreparable damage and injury."

ix. The "Agreement will be governed and construed in accordance with the laws of the State of Nevada applicable to agreements entered into and wholly performed therein" and "the [p]arties have a right to file any and all claims in Nevada state or federal court" provided they are unable to resolve their disputes through mediation.

10. The Agreement is governed by Nevada law and contains an agreement to jurisdiction and venue in Nevada because:

i. At the time the agreement was executed, Garcia's first fight under the Agreement, which commenced the term, was contemplated to be in Las Vegas, Nevada. That fight did, in fact, take place in Las Vegas.

ii. At the time of the parties' execution of the Agreement, it was the

expectation of the parties that Garcia would become a premier level professional boxer and, for most of the Term of the Agreement, would be headlining fights at the most lucrative venues in the sport. As such, the parties fully expected and contemplated that many, if not most, of Garcia's fights under the agreement would take place in Las Vegas, Nevada, where most "mega fight" boxing matches are staged and exhibited.

11. Garcia was represented by Valencia in the negotiation and execution of the Agreement. Additionally, Valencia has continued to represent Garcia, both as a lawyer and business adviser, in the performance of Garcia's obligations under the Agreement. In short, Valencia was, at all times, fully aware of the Agreement and its terms.

12. Golden Boy has fully and faithfully performed its obligations under the Agreement. Specifically, GBP has negotiated, arranged for, and promoted several highly lucrative and successful boxing events featuring Garcia as the main event attraction. These events have generated millions of dollars in purses and income for Garcia. Golden Boy continues to propose potential bouts for Garcia and continues to do everything required of it with respect to Garcia's career. Garcia continues to flout his contractual obligations.

13. Golden Boy's development of Garcia into one of boxing's biggest stars culminated earlier this year with Golden Boy successfully negotiating for Garcia to participate in one of the most successful pay-per-view boxing events in history. Notwithstanding the blatant and willful interference by Valencia described in more detail below, Golden Boy was able to close the deal for Garcia to fight Gervonta "Tank" Davis at the T-Mobile Arena in Las Vegas. Although Garcia lost by knockout, the event was a huge commercial success and Garcia made millions in purses and pay-per-view bonuses.

14. Notwithstanding Golden Boy's success in promoting Garcia's career, Valencia has been working for over a year to undermine Golden Boy's contractual rights and its relationship with Garcia.

15. Golden Boy is informed and believes that Valencia has directed and advised Garcia to breach the Agreement in numerous ways. For instance, Garcia has repeatedly

GREENBERG GLUSKER
FIELDS CLAMAN &
MACHTINGER LLP
Attorneys at Law
Los Angeles

17896-00641/4927795.1

- 6 -

FIRST AMENDED COMPLAINT

refused to review and approve opponents properly proposed by Golden Boy for multiple bouts.  By way of example only, during the course of the last year, Golden Boy has proposed no less than six different opponents who satisfy the requirements of the agreement that Garcia has either ignored or simply refused to approve.  Garcia continues this bad faith conduct to this day as Golden Boy is attempting to arrange a bout for November 2023.  Golden Boy is informed and believes that Garcia's breach of the Agreement, including through the aforementioned conduct, was induced and encourage in substantial part by Valencia.

16. Moreover, Valencia has personally repeatedly engaged in activities that are in the sole and exclusive domain of Golden Boy pursuant to the Agreement.  Much of Valencia's conduct has been directed towards Nevada by, among other things, negotiating for bouts to occur in Nevada for which Valencia received compensation.  Indeed, Golden Boy is informed and believes that, on multiple occasions beginning no later than May 2022, Valencia has directly approached multiple opponents for Garcia to fight and negotiated various terms of Garcia's fights with those fighters and their promoters, including fights that Valencia negotiated to take place in Las Vegas, Nevada.

17. For instance, despite Golden Boy's express instructions to the contrary, Valencia inserted himself into the negotiations for the Gervonta Davis fight purporting to agree to terms that were unfavorable to Garcia (and Golden Boy) without ever consulting Golden Boy.  The Davis vs. Garcia fight was negotiated to take place in Las Vegas.  Indeed, the fight took place as scheduled on April 23, 2023 at the T-Mobile Arena in Las Vegas.  In fact, that fight, in which Valencia blatantly disregarded Golden Boy's exclusive rights, had Las Vegas's fifth highest gate, i.e., amount generated from ticket sales.  Golden Boy is informed and believes that Valencia, as Garcia's adviser, received a portion of Garcia's proceeds from that event, including the gate revenue.

18. Additionally, Valencia has also prevented Golden Boy from negotiating with potential opponents for Garcia by making representations to other fighters and promoters regarding Garcia's plans and intentions, thus preventing Golden Boy from

being able to participate in bouts, which, again, per the parties' original vision, were largely all expected to occur in Las Vegas.  Golden Boy is further informed and believes that, since the Davis vs. Garcia fight, Valencia has continued having discussions with other distributors, promoters, and fighters regarding fights intended to be held in Las Vegas.

19. Golden Boy has on multiple occasions attempted to resolve this matter outside the courts, including by instructing Valencia to cease and desist these wrongful actions and seeking to meet directly with Garcia to discuss these matters.  To date, those olive branches have been disregarded.

20. In fact, on numerous prior occasions over the court of the last year or more, Golden Boy has attempted to arrange an in-person meeting among Garcia, Valencia and Golden Boy's senior management to discuss these issues.  Each time, Valencia has either completely ignored the request or has explicitly told Golden Boy that Garcia will not meet with them.  Garcia has not responded to any of Golden Boy's attempts to communicate with him directly.

21. In response to Golden Boy's most recent cease and desist demand, Garcia took the position that the Agreement is "void and unenforceable," and, also in contradiction, that Golden Boy has somehow breached such an Agreement.

22. Golden Boy was thus forced to commence this lawsuit to enforce and protect its rights under the Agreement, including because, based on Garcia's prior actions, Golden Boy reasonably believed that Garcia would not comply with any obligations under the agreement and would refuse to engage in any prior dispute resolution process in the spirit of the Agreement.  This was especially true once Garcia asserted that the agreement was void.  Accordingly, Golden Boy was excused from any further attempts at informal resolution, including pre-filing mediation, prior to commencing this lawsuit.

23. Now that Garcia appears to take the position that the agreement may be enforceable for some period of time, GBP has initiated a mediation with Garcia.  Golden Boy is awaiting Garcia's response regarding that mediation.

GREENBERG GLUSKER
FIELDS CLAMAN &
MACHTINGER LLP
Attorneys at Law
Los Angeles

17896-00641/4927795.1

- 8 -

FIRST AMENDED COMPLAINT

## FIRST CAUSE OF ACTION

## (Against Garcia—Breach of Contract)

24. Golden Boy incorporates herein by this reference Paragraphs 1 through 23 above as though fully set forth herein.

25. The Agreement is a valid and binding contract.

26. Golden Boy has fully performed all of its obligations pursuant to the Agreement, except as excused by Garcia's conduct

27. Garcia has repeatedly breached his obligations under the Agreement by, among other things, authorizing Valencia and others to negotiate for bouts on his behalf, refusing to meet with and communicate with Golden Boy, refusing to timely and properly approve bouts, and by repudiating the Agreement and his obligations thereunder.

28. As a proximate result of Garcia's breaches, Golden Boy has suffered millions of dollars in damages including, but not limited to, lost revenue from Garcia's fights, additional and unnecessary expenses in negotiating for and promoting Garcia's fights, and a loss of goodwill.  The precise amount of these damages will be proven at the time of trial.

## SECOND CAUSE OF ACTION

## (Against All Defendants—Declaratory Relief Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*.)

29. Golden Boy incorporates herein by this reference Paragraphs 1 through 28 above as though fully set forth herein.

30. An actual controversy has arisen and now exists between Golden Boy and Garcia with respect to their rights and obligations under the Agreement.

31. As set forth above, Golden Boy contends that the Agreement is valid and enforceable and is governed by Nevada law.

32. Golden Boy further contends that the Agreement expressly provides that Golden Boy has the sole and exclusive right, among other things, to promote Garcia's boxing matches and the right to broadcast, telecast, digitally stream, record, film and

GREENBERG GLUSKER
FIELDS CLAMAN &
MACHTINGER LLP
Attorneys at Law
Los Angeles

17896-00641/4927795.1

- 9 -

FIRST AMENDED COMPLAINT

transmit, electronically and digitally, such matches for exhibition in all media. It forbids Garcia or his agents from negotiating or contracting for Garcia to engage in any boxing match other than as set forth in the Agreement. It also prohibits Garcia from withholding his approval for certain opponents and bouts proposed by Golden Boy. But when reminded of their obligations and Golden Boy's rights under the Agreement, Valencia and Garcia disagreed and ignored Golden Boy and blatantly breached the Agreement.

33. Garcia, including based on Valencia's advice as Golden Boy is informed and believes, disputes Golden Boy's contentions and claims that the Agreement is void and unenforceable and that he is free to negotiate with other fighters, promoters, and broadcasters for his fights. Golden Boy disagrees with these assertions.

34. Golden Boy thus seeks a judicial declaration that: (a) the Agreement is valid and enforceable; (b) the Agreement is governed by Nevada law; (c) Golden Boy has the sole and exclusive right to promote Garcia's professional boxing matches and to negotiate for and broadcast the same; (d) Garcia and Valencia are not permitted to conduct any negotiations or engage in any contracts with any third parties regarding Garcia's fights; and (e) Garcia must comply with his obligations under the Agreement, including to, as stated, not withhold his approval for opponents and bouts proposed by Golden Boy. This declaration is appropriate and necessary so that the parties may know their respective rights and obligations under the Agreement.

### THIRD CAUSE OF ACTION

**(Against Valencia—Intentional Interference with Contractual Relations)**

35. Golden Boy incorporates herein by this reference Paragraphs 1 through 34 above as though fully set forth herein.

36. At all relevant times and now, the Agreement has been and is a valid and enforceable contract between Golden Boy and Garcia.

37. Valencia knew of the Agreement and its terms since day one. Specifically, among other things, Valencia knew that:

    i.    The Agreement provided Golden Boy the sole and exclusive

promotional rights in Garcia's bouts and in broadcasting them.

        ii.     Neither Garcia nor his agents could negotiate and/or contract for Garcia to engage in boxing matches outside of those allowed under the Agreement. Valencia also knew that Garcia was not to withhold his approval for certain opponents and bouts proposed by Golden Boy.

38.     Yet, Valencia, either on his own or at Garcia's instruction as a result of Valencia's advice, has purported to negotiate and/or contract for Garcia to engage in professional boxing matches and to broadcast those matches. Indeed, despite repeated demands from Golden Boy, Valencia has not ceased this conduct. Golden Boy is informed and believes that Valencia, as Garcia's lawyer and business adviser, also directed Garcia to breach his various contractual obligations under the Agreement.

39.     As detailed above, Golden Boy is informed and believes that Valencia's actions have disrupted the entire Agreement by inducing Garcia to breach the contract, interfering with Golden Boy's ability to negotiate for, promote, and distribute Garcia's fights, preventing Golden Boy from engaging in pre-lawsuit dispute resolution efforts by blocking Golden Boy from meeting directly with Garcia, and by forcing a litigation between Golden Boy and Garcia related to the Agreement. Golden Boy is informed and believes that Valencia's actions were undertaken for the purpose of causing Garcia to breach the Agreement and to induce Garcia to then engage another promoter and distributor to the exclusion of Golden Boy.

40.     The services of Garcia are special, unique, unusual, and extraordinary. As a result, Golden Boy has no adequate remedy at law and will suffer irreparable injury unless Valencia is enjoined from purporting to negotiate for the promotion and distribution of Garcia's fights.

41.     As a proximate result of the foregoing, Golden Boy has suffered millions of dollars in damages including, but not limited to, lost revenue from Garcia's fights, additional and unnecessary expenses in negotiating for and promoting Garcia's fights, and a loss of goodwill. The precise amount of these damages will be proven at the time of

GREENBERG GLUSKER
FIELDS CLAMAN &
MACHTINGER LLP
Attorneys at Law
Los Angeles

17896-00641/4927795.1

- 11 -

FIRST AMENDED COMPLAINT

trial.

42. Golden Boy is informed and believes that Valencia engaged in the conduct alleged herein with a conscious and willful disregard for Golden Boy's rights and/or with the intent to injure Golden Boy and that such conduct by Valencia is malicious and despicable and warrants an award of punitive damages in favor of Golden Boy and against Valencia to punish and deter him from engaging in such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Golden Boy prays for judgment as follows:

### On the First Cause of Action

1. For damages in an amount to be proven at trial; and

2. For pre-judgment and post-judgment interest at the maximum legal rate.

### On the Second Cause of Action

3. For a declaration that:

   a. The Agreement is valid and enforceable;

   b. The Agreement is governed by Nevada law;

   c. Golden Boy has the sole and exclusive right to promote Garcia's professional boxing matches and to negotiate for and broadcast the same; and

   d. Garcia and Valencia are not permitted to conduct any negotiations or engage in any contracts with any third parties regarding Garcia's fights.

   e. Garcia must comply with his obligations under the Agreement, including to, as stated, not withhold his approval for opponents and bouts proposed by Golden Boy.

### On the Third Cause of Action

4. For preliminary and permanent injunctive relief preventing and precluding Valencia, and each of his respective agents and employees, and all persons acting under, in concert with, or for him from negotiating and contracting with any third parties regarding Garcia's fights and from advising Garcia to flout his obligations under the Agreement.

GREENBERG GLUSKER
FIELDS CLAMAN &
MACHTINGER LLP
Attorneys at Law
Los Angeles

17896-00641/4927795.1

- 12 -

FIRST AMENDED COMPLAINT

5. For damages according to proof at the time of trial.

6. For exemplary and punitive damages against Valencia to punish and deter him from engaging in similar conduct in the future.

### On all Causes of Action

7. For reasonable attorneys' fees and costs of suit incurred herein.

8. For such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Golden Boy hereby demands a trial by jury on all causes of action so triable.

DATED: September 1, 2023

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP

By: _____
RICARDO P. CESTERO
VISHWANATH MOHAN
Attorneys for Plaintiff Golden Boy
Promotions, LLC

GREENBERG GLUSKER
FIELDS CLAMAN &
MACHTINGER LLP
Attorneys at Law
Los Angeles

17896-00641/4927795.1

- 13 -

FIRST AMENDED COMPLAINT